**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1446-15T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ANDREW ALFORD, a/k/a ALFRED
ANDREW L. BROCKINGTON, ALFORD
ANDREW L., ALFORD ANDREW,
BROCKINGTON AMOS, BROCKINGTON
ALFORD, ALFORD DAMON, and
ALFRED ANDREW,

    Defendant-Appellant.

_____

        Submitted April 24, 2017 — Decided June 19, 2017

        Before Judges Sabatino and Currier.

        On appeal from the Superior Court of New
        Jersey, Law Division, Camden County,
        Indictment No. 13-08-2522.

        Joseph E. Krakora, Public Defender, attorney
        for appellant (Jaime B. Herrera, Assistant
        Deputy Public Defender, of counsel and on the
        brief).

        Mary Eva Colalillo, Camden County Prosecutor,
        attorney for respondent (Maura G. Murphy,
        Assistant Prosecutor, of counsel and on the
        brief).

        Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Andrew Alford appeals from his conviction, following a jury trial, of conspiracy to commit theft from the person, a lesser-included offense of conspiracy to commit robbery. Defendant also appeals the imposed sentence. After a review of the contentions in light of the record and applicable legal principles, we affirm.

We derive the facts from the evidence presented at trial. Defendant was present during a drug transaction that took place between co-defendant Michael Winters and the victim. The victim became angry when he believed that the drugs Winters was trying to sell him were fake and he demanded his money back. An eyewitness, Bobby Hill, testified that Winters struck the victim, causing him to fall to the ground, hitting his head. Defendant went through the victim's pockets and took his money and phone. Winters and defendant then left the scene. Hill saw Winters and defendant later that night, and defendant offered the witness drugs and the victim's phone. The victim later died from his injuries.

Sergeant Gabriel Rodriguez was working as a patrolman in Camden that evening when he was "flagged down" by Joseph Vaughn, another witness to the incident. Sergeant Rodriguez testified that he then observed "a male that was laying on his back face up

unconscious." The officer described the victim as bleeding from the back of his head and ears, and "his jean pants pockets were flipped inside out because of someone, you know, took something out of the pockets."

Vaughn also witnessed the drug transaction from his position in a car parked across the street. Although he gave conflicting statements and testimony as to who had struck the victim, he did see the victim fall to the ground. As soon as the victim had fallen, Vaughn said defendant "went in his pockets, took his -- took whatever he had in his pockets."

Defendant and Winters were each charged with robbery, conspiracy to commit robbery, felony murder, and first-degree murder. They were tried separately. After six days of trial, the judge granted defendant's motion for judgment of acquittal on the murder charge, but found sufficient evidence to warrant the submission of the remaining charges to the jury. The jury found defendant not guilty on all charges except the lesser-included offense of conspiracy to commit theft. Defendant was sentenced to an extended term of eight years of incarceration, with a four-year period of parole ineligibility, and various fines and penalties.

Defendant raises the following issues on appeal:

POINT I
THE JURY CHARGE WAS ERRONEOUS AND DEPRIVED
DEFENDANT OF DUE PROCESS BECAUSE THE TRIAL
COURT DEVIATED FROM THE LANGUAGE OF THE MODEL
JURY INSTRUCTIONS AND OMITTED THE SUBJECT OF
THE THEFT, AND BECAUSE THE TRIAL COURT FAILED
TO CHARGE THE JURY THAT IF THE JURY BELIEVED
DEFENDANT ONLY COMMITTED AN UNCHARGED OFFENSE
THEN DEFENDANT MUST BE ACQUITTED. (NOT RAISED
BELOW)

> A. The Trial Court's Failure to Identify
> the Theft Upon Which the Conspiracy
> Charge was Based Deprived Defendant of
> Due Process.

> B. Defendant was Deprived of Due Process
> Because The Trial Court Failed to Charge
> Jurors that if They Believed the Only
> Crime Committed was Theft by Deception
> or Conspiracy to Commit Theft by
> Deception, Then They Must Acquit.

POINT II
THERE WAS INSUFFICIENT EVIDENCE OF A
CONSPIRACY FOR THE COURT TO HAVE CHARGED THE
JURY WITH CONSPIRACY TO COMMIT ROBBERY AND THE
LESSER-INCLUDED OFFENSE OF CONSPIRACY TO
COMMIT THEFT FROM THE PERSON OF THE VICTIM.

POINT III
THE SENTENCE WAS EXCESSIVE AND REQUIRES A
REMAND AS THE TRIAL COURT RELIED PRIMARILY ON
DEFENDANT'S PAST CRIMINAL HISTORY IN IMPOSING
A DISCRETIONARY EXTENDED TERM AT THE UPPER END
OF THE RANGE WITH A PERIOD OF PAROLE
INELIGIBILITY.

Defendant also filed a pro se supplemental brief, raising the

following issue:

> COUNT TWO OF APPELLANT'S INDICTMENT WAS
> CONSTRUCTIVELY AMENDED AT TRIAL IN VIOLATION
> OF U.S. CONST. AMENDS. VI AND XIV.

The trial court charged the jury on the following offenses: robbery and the lesser-included offense of theft; conspiracy to commit robbery and the lesser-included offense of conspiracy to commit theft; and felony murder and the lesser-included offenses of reckless manslaughter, aggravated assault and simple assault. The judge was not requested to and did not include in those jury charges a description of the property allegedly taken by defendant.

As a result of defendant's failure to object to the jury instructions at trial, he must demonstrate plain error, i.e., that the error was "clearly capable of producing an unjust result." R. 2:10-2; see also State v. Afanador, 151 N.J. 41, 54 (1997); State v. Macon, 57 N.J. 325, 336 (1971). When a defendant fails to object to the instruction at trial, "it may be presumed that the instructions were adequate." State v. Belliard, 415 N.J. Super. 51, 66 (App. Div. 2010), certif. denied, 205 N.J. 81 (2011) (quoting State v. Morais, 359 N.J. Super. 123, 134-35 (App. Div. 2003)). Raising jury instruction concerns at trial allows the court to "fashion[] a better charge" to address those concerns. State v. Delibero, 149 N.J. 90, 106 (1997).

Defendant argues that the trial court erred by not identifying the specific property allegedly taken by defendant in the jury instructions on the theft charges. We disagree. According to

defendant, the State offered two different theories for defendant's conspiracy to commit theft: (1) "the conspiracy to commit theft by deception in the sale of fake drugs to the victim," and (2) "the conspiracy to commit theft from the person of the victim either during the drug sale or after the victim had been knocked to the ground." Defendant also asserts that the trial court failed to fulfill its "obligation" to let the jury know that they must acquit defendant if "they believed the only crime committed was the sale of fake drugs or a conspiracy to sell fake drugs."

During the charge conference, counsel discussed whether the trial court should charge the jury with theft by deception. Defense counsel asserted he had "no problem" if the judge chose to only charge the jury with theft from the person.[1] The State's position was that the evidence supported "a theft from the person." In deciding to charge the jury only with theft from the person, the court stated that it did not believe the State had the basis for a theft by deception charge.

Both eyewitnesses testified that defendant went through the victim's pockets and took his money. Neither discussed defendant

---

[1] Under the invited error doctrine, a defendant may not ask the court to take a proffered approach, and thereafter seek relief on a claim of error if the court in fact relied on defendant's invitation. See State v. Jenkins, 178 N.J. 347, 358 (2004).

being involved in the actual drug transaction. During summations the prosecutor discussed the theft of the money from the victim's pockets by defendant. There is no support for defendant's argument that the jury was confused by the lack of a description of the specific property being referenced in the jury charge. The only testimony offered in support of these charges was defendant's involvement in the theft of the victim's money.

This reasoning also leads us to reject defendant's contention that the judge was obliged to advise the jurors that defendant must be acquitted if the only illegal act they believed he was involved in was the sale of fake drugs or a conspiracy to sell fake drugs. The charge of theft by deception was not before the jury for its consideration. The judge advised the jurors numerous times that they must find defendant not guilty of a particular offense if the State failed to prove each element of the charged offense. It is unreasonable to require the trial judge under these circumstances to instruct the jury to find defendant not guilty of a crime he had not been charged with committing.

Defendant argues that the trial court erred in denying defendant's motion for judgment of acquittal on the charge of conspiracy to commit robbery and the lesser-included offense of conspiracy to commit theft. According to defendant, neither of the State's two eyewitnesses "offered testimony indicating

defendant conspired with Winters to commit a robbery or theft." Defendant contends that the testimony offered instead suggested the theft was "a crime of opportunity." We again disagree.

We employ a de novo review of the denial of defendant's motion for a judgment of acquittal on the conspiracy to commit robbery charge and its lesser-included offense. State v. Bunch, 180 N.J. 534, 548-49 (2004). Defendant argues that the robbery of the victim was "an unplanned act that arose in response to an argument with the victim." The trial judge disagreed and found that a "jury could conclude that these two individuals, [defendant] and Winters, were working in concert."

There was ample evidence presented to support the judge's conclusion and denial of the acquittal motion. Both witnesses described defendant as acting with Winters before, during, and after the victim was struck and robbed. Defendant was within two to three feet of Winters during the drug transaction. Hill heard the men arguing as they ran away from the victim with one of them saying: "[g]ive me some of that money." Defendant and Winters were seen together later that night and defendant gave Hill the victim's cell phone. Giving all favorable inferences to the State, there was sufficient evidence for a jury to conclude that defendant and Winters conspired to rob the victim and take whatever was in his pockets. See State v. Reyes, 50 N.J. 454, 459 (1967).

Defendant contends in his supplemental pro se brief that the trial court erred in constructively amending the indictment. He argues that third-degree conspiracy to commit theft is not a lesser included offense of second-degree conspiracy to commit first-degree robbery. We find this argument meritless.

We note that there was no objection to the inclusion of conspiracy to commit theft as a lesser-included offense; defense counsel in fact agreed to its inclusion. Therefore, we review defendant's argument under the plain error standard and we disregard any error or omission "unless it is of such a nature as to have been clearly capable of producing an unjust result." R. 2:10-2.

It is well-established that theft is a lesser-included offense of robbery. See, e.g., State v. Ingram, 196 N.J. 23, 39-40 (2008) (internal citations omitted); State v. Walton, 368 N.J. Super. 298, 308-09 (App. Div. 2004) (citing State v. Harris, 357 N.J. Super. 532, 539 (App. Div. 2003)). Under N.J.S.A. 2C:15-1,

> A person is guilty of robbery if, in the course of committing a theft, he:
>
>> (1)  Inflicts bodily injury or uses force upon another; or
>>
>> (2)  Threatens another with or purposely puts him in fear of immediate bodily injury; or

> (3) Commits or threatens immedi-
> ately to commit any crime of the
> first or second degree.

> [N.J.S.A. 2C:15-1(a) (emphasis added).]

Robbery is a crime of the first degree if, "the actor attempts to kill anyone, or purposely inflicts or attempts to inflict serious bodily injury, or is armed with, or uses or threatens the immediate use of a deadly weapon." N.J.S.A. 2C:15-1(b).

Theft is therefore a lesser-included offense of robbery, as theft is one essential element of the offense itself. This is true regardless of the grading of the robbery offense.

We have considered the arguments defendant has offered to establish that an extended term should not have been imposed and that his sentence was excessive, and determined they lack sufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(2).

The trial court determined that defendant was eligible for an extended sentence as a persistent offender; this conviction was his eighth indictable offense and there were multiple violations of probation and parole. In analyzing whether an extended sentence was appropriate, the judge concluded that it was "required here in the interest of public protection." He stated that defendant has "failed to respond to prior noncustodial efforts at

rehabilitation[,]" and his criminal history "does exhibit conduct reflective of a[n] escalating type of behavior."

The judge's findings and balancing of the aggravating and mitigating factors are supported by adequate evidence in the record, and the sentence is neither inconsistent with sentencing provisions of the Code of Criminal Justice nor shocking to the judicial conscience.  See State v. Bieniek, 200 N.J. 601, 608 (2010); State v. Cassidy, 198 N.J. 165, 180-81 (2009).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION