# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0820-15T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CLAUDIO J. MARQUEZ-GUZMAN,

    Defendant-Appellant.

_____

Submitted May 30, 2017 — Decided July 6, 2017

Before Judges Haas and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 13-02-0305.

Joseph E. Krakora, Public Defender, attorney for appellant (Stefan Van Jura, Deputy Public Defender II, of counsel and on the brief).

Andrew C. Carey, Middlesex County Prosecutor, attorney for respondent (Susan Berkow, Special Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Claudio Javier Marquez Guzman appeals from his conviction after a jury trial and imposed sentence. We affirm.

We derive the facts from the evidence presented at trial. Defendant lived with his girlfriend, T.L. (Terry),[1] their two young sons and Terry's seven-year old stepdaughter, L.L. (Lisa). In October 2012, while Terry was working, Lisa began spending weekends with other family members. During one of these visits, she revealed to her adult cousin, C.H. (Caroline) that defendant had touched her inappropriately more than once. Lisa told Caroline that she had not told anyone about the sexual abuse because defendant had threatened to cut her tongue out with a knife.

That evening Caroline and her family took Lisa to St Peter's Hospital where Dr. Manoj Sheth examined her. The police were notified of Lisa's allegations and an investigator from the prosecutor's office met with Lisa, Caroline, and Terry. Lisa provided a statement to the investigator that was video recorded. She verbally described, and used anatomical dolls to demonstrate the sexual contact that had taken place. Lisa also said that she had previously told her mother several years earlier about the contact; Terry had confronted defendant who denied any wrongdoing.

The State sought to admit the recorded statement of Lisa to the investigator, and her statement to Caroline under the tender years hearsay exception, N.J.R.E. 803 (c)(27). Judge Diane Pincus

---

[1] We use initials and pseudonyms to protect the confidentiality of the victim and family members.

conducted a hearing, and determined that the statement of Lisa to Caroline as well as her recorded statement were admissible and could be played for the jury at trial. In a thoughtful oral decision, the judge considered the statements and found, under a totality of the circumstances, that Lisa's statements to the investigator and Caroline "contained significant indicia of reliability, and thus are, trustworthy and reliable."

At trial, the State sought to introduce the statement made by Lisa to her mother several years earlier regarding sexual contact by defendant. During that conversation, Lisa also told Terry that she had not said anything earlier because defendant had threatened to cut her tongue out. After hearing testimony from Terry outside the presence of the jury, Judge Pincus found that the statement was trustworthy, and therefore admissible under N.J.R.E. 803(c)(27). She noted its consistency with the testimony later given by the child in her video-recorded statement. The judge also stated that the State was entitled to present multiple statements under the tender years exception.

The judge also conducted a Rule 104 hearing to determine the admissibility of the statements made by Lisa to the treating doctor, Dr. Sheth, at St. Peter's Hospital on the night of these events. The State again sought to introduce the physician's testimony under Rule 803(c)(27). Dr. Sheth testified that Lisa

3

told him that "her stepfather touches her privates, sometimes with hands, sometimes with penis, and she's scared." Defense counsel had no objection to the doctor's testimony. The judge determined the statement to be trustworthy and admissible under the tender years exception.

Defendant gave a video-recorded statement to the police. Although he initially denied that he had ever sexually touched Lisa, he eventually admitted that he had touched her once on the outside of her vagina. At trial, however, defendant denied that he had touched Lisa as he had previously described but instead occasionally touched her buttocks outside of her clothes in a playful way, not in a sexual manner. Defendant also stated that he had threatened to cut Lisa's tongue out because of statements she had made about him in school, not due to any allegations of sexual abuse.

Defendant was convicted of second-degree sexual assault and second-degree endangering the welfare of a child. He was sentenced to an aggregate term of ten years imprisonment, with a mandatory parole disqualification period.

On appeal, defendant argues:

> POINT I: THE PREJUDICIAL EFFECT OF CUMULATIVE, REPETITIOUS TESTIMONY ADMITTED PURSUANT TO N.J.R.E. 803(c)(27) DENIED DEFENDANT A FAIR TRIAL AND REQUIRES REVERSAL OF THE CONVICTIONS. U.S. Const. Amends. V,

VI, and XIV; N.J. Const. Art. I, pars. 1, 9,
and 10.  (Not Raised Below)

POINT II:  THE MAXIMUM 10-YEAR NERA SENTENCE
FOR A SECOND-DEGREE OFFENSE IS MANIFESTLY
EXCESSIVE AND SHOULD BE REDUCED.

The tender years hearsay exception, N.J.R.E. 803(c)(27), permits hearsay statements from sexually abused children to be admitted in certain circumstances, and where the court finds "that on the basis of the time, content and circumstances of the statement there is a probability that the statement is trustworthy."  See State v. D.R., 109 N.J. 348, 378 (1988); State ex rel A.R., 447 N.J. Super. 485, 488 (App. Div. 2016), certif. granted, ___ N.J. ___ (2017).

Defendant does not challenge the admissibility of the statements presented to the jury under the tender years exception; rather, he contends that the introduction of multiple separate statements was "prejudicial" and "cumulative" and should have been excluded under N.J.R.E. 403.  As this argument was not presented to the trial judge, we review the assertion for plain error, R. 2:10-2.

When considering the admission into evidence of several corroborative statements under the tender years exception, our Supreme Court has advised that the "trial court should be cognizant of its right under N.J.R.E. 403 to exclude evidence, if it finds

in its discretion, that the prejudicial value of the evidence substantially outweighs its probative value." State v. D.G., 157 N.J. 112, 128 (1999). Judge Pincus noted in her several rulings that the admissibility of the requested statements remained subject to Rule 403. Our appellate review of this evidentiary ruling requires considerable deference. Such rulings generally "should be upheld 'absent a showing of an abuse of discretion, i.e., there has been a clear error of judgment.'" State v. J.A.C., 210 N.J. 281, 295 (2012) (quoting State v. Brown, 170 N.J. 138, 147 (2001)); see also State v. Buda, 195 N.J. 278, 294 (2008).

Here, the judge permitted the video-recorded statement of the child in addition to her live testimony at trial. In State v. Burr, 392 N.J. Super. 538, 573 (App. Div. 2007), we considered, and rejected, the defendant's argument that a video was unduly prejudicial as a "repetitive, corroborative statement of [the child's] trial testimony." Id. at 564. We determined the tape to have probative value as being "closer in time to the alleged sexual assault than the trial" and because it demonstrated that the statements made to the prosecutor's office were "largely consistent with those made . . . at trial." Id. at 573. We have not been presented with anything to deny the application of the same rationale here.

6

The three additional statements permitted were from Caroline, Terry, and Dr. Sheth. The testimony was very brief from Dr. Sheth and Terry. We are satisfied that the judge acted within her discretion under Rule 403 in permitting the statements. See State v. C.H., 264 N.J. Super. 112, 124 (App. Div. 1993) (permitting the testimony of six witnesses regarding statements made by the sexual abuse victim); State v. E. B., 348 N.J. Super. 336 (App. Div.), certif. denied, 174 N.J. 192 (2002) (permitting the testimony of five witness statements pursuant to N.J.R.E. 803 (c)(27)).

Defendant contends that the sentence imposed was "manifestly excessive and should be reduced." We disagree. The judge's findings and balancing of the aggravating and mitigating factors are supported by adequate evidence in the record, and the sentence is neither inconsistent with sentencing provisions of the Code of Criminal Justice, N.J.S.A. 2C:1-1 to 104-9, nor shocking to the judicial conscience. See State v. Bieniek, 200 N.J. 601, 608 (2010); State v. Cassady, 198 N.J. 165, 180-81 (2009).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0820-15T3