985 A.2d 1251

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT, v.
CORY J. BIENIEK, DEFENDANT–RESPONDENT.

Argued November 9, 2009—Decided January 21, 2010.

602

*Simon Louis Rosenbach*, Assistant Prosecutor, argued the cause for appellant (*Bruce J. Kaplan*, Middlesex County Prosecutor, attorney).

*Joseph J. Benedict*, argued the cause for respondent (*Benedict and Altman*, attorneys; *Mr. Benedict* and *Philip Nettl*, on the brief).

PER CURIAM.

This appeal arose from a tragedy that took place on December 29, 2006. That day, twenty-one-year-old Samar Seliem was killed when she backed her car out of her driveway on Marlboro Road in Old Bridge and was struck by a vehicle driven by nineteen-year-old defendant Corey Bieniek. As a result of the collision, defendant faced criminal charges to which he ultimately pled guilty. This appeal from defendant's conviction concerns only his sentence. In reviewing defendant's sentencing, resort must be had to traditional principles of appellate review of a criminal sentence. Application of those tenets requires that the trial court's sentence be sustained.

## I.

When his vehicle struck Seliem's, defendant was driving over one hundred miles per hour on a street with a speed limit of twenty-five miles per hour. In addition to killing Seliem, the collision caused defendant's passenger, Kristine Makowa, to suffer multiple leg fractures requiring surgery. Prior to the collision, defendant had consumed alcoholic beverages and smoked marijuana. His blood alcohol level one hour after the crash was .17 percent, well in excess of the legal limit of .08 percent.

Defendant was indicted for first-degree aggravated manslaughter, *N.J.S.A.* 2C:11–4(a) (count one); first-degree vehicular manslaughter on or near school property, *N.J.S.A.* 2C:11–5(a) and (b)(3) (count two); second-degree aggravated assault, *N.J.S.A.* 2C:12–1(b)(1) (count three); and second-degree assault by automobile on or near school property, *N.J.S.A.* 2C:12–1(c)(1) and (3)

(count four). On August 6, 2007, before the Honorable James F. Mulvihill, J.S.C., defendant pled guilty to count one, first-degree aggravated manslaughter; to count three, second-degree aggravated assault; and also to a summons charging him with driving while intoxicated, *N.J.S.A.* 39:4–50. In exchange for defendant's guilty pleas, the State dismissed counts two and four and agreed to recommend an eighteen-year sentence in state prison for count one, subject to the No Early Release Act (NERA), *N.J.S.A.* 2C:43–7.2. The State also agreed to recommend that the sentence for count three run concurrently with the sentence for count one.

At the sentencing hearing on November 27, 2008, the court considered a letter written by defendant, a psychiatric and addiction evaluation of defendant, and letters from the victim's relatives and friends. The court also heard from defendant's father, grandmother, and aunt. Defendant's father and aunt both indicated that defendant grew up in an alcoholic household, and witnessed his father's fight against alcohol and drug addiction. The testimony corroborated the report by Hugo Franco, M.D., who identified defendant as an alcoholic and a drug addict with addictions likely attributable to familial predisposition. In his allocution, defendant expressed remorse for causing the victim's death and pledged to become a better person.

The court also considered a sentencing memorandum submitted prior to the hearing by defendant's counsel. The memorandum set forth four mitigating circumstances:

(2) [Defendant] did not contemplate that his conduct would cause or threaten serious harm;

(4) [Defendant] suffers from severe alcoholism, which fails to establish a defense, but tends to excuse his conduct;

(7) [Defendant] has no significant criminal history; and

(9) [Defendant's] character and attitude indicate that he is unlikely to commit another offense.

[*See N.J.S.A.* 2C:44–1(b)(2), (4), (7), (9).]

In addition, at the hearing, defendant's counsel argued for an additional mitigating factor, number thirteen, that defendant qualified as a "youthful offender [who] was substantially influenced by

another person more mature than the defendant." In support of this argument, counsel pointed to defendant's upbringing and the influence of his alcoholic father. Defendant's counsel also urged the court to assign additional weight to the mitigating factors, taking into account the NERA impact on the amount of time defendant actually would spend in custody, and, further, to consider that an eighteen-year sentence would be disproportionate compared to other similarly situated defendants.

In explaining his sentencing decision, Judge Mulvihill first found the presence of aggravating factors (3) the risk that defendant will commit another offense, (6) defendant's prior criminal record and seriousness of the offenses, and (9) the need for deterrence. *See N.J.S.A.* 2C:44–1(a)(3), (6), (9). Specifically, the court pointed to defendant's juvenile record and uncontrolled substance abuse problem. As for mitigating factors, the court explicitly alluded only to one mitigating factor, number ten, that defendant would likely respond to probationary treatment. *See N.J.S.A.* 2C:44–1(b)(10). The court sentenced defendant to an eighteen-year term—the sentence recommended by the State pursuant to the plea agreement—and subsequent five-year period of parole supervision on count one, with a concurrent five-year term and subsequent three-year period of parole supervision on count three, both subject to an eighty-five percent parole disqualifier. The court dismissed counts two and four.

On appeal, defendant challenged his sentence as excessive. The Appellate Division heard oral argument on May 29, 2008, during which defendant's counsel argued that Judge Mulvihill failed to consider, explicitly, mitigating circumstances that were argued and that should have militated in favor of a reduction in defendant's sentence. A two-judge part of the Appellate Division entered a next-day order, remanding the case to the court below to reconsider defendant's sentence and, specifically, to allow defense counsel to argue for a reduced sentence. The State petitioned this Court for certification and, on October 20, 2008, we granted that petition and remanded the matter to the Appellate

Division for a statement of reasons to provide a more full explanation for the remand order. *State v. Bieniek*, 196 *N.J.* 589, 960 *A.*2d 387 (2008).

Responding by letter, the remanding panel explained that the trial court had failed to clarify why the five mitigating factors elucidated by defense counsel were inapplicable, held little weight, or were unworthy of express mention. The panel also commented on the trial court's finding of factor eleven, which was not presented by defense counsel and, as explained in the statement of reasons, was inapplicable to a first-degree offense. Noting that the discretion of the trial court controls in sentencing and not the plea agreement, the panel added that it could not be certain whether the sentence was based on the plea agreement or was the sentencing court's own determination. *See State v. Briggs*, 349 *N.J.Super.* 496, 501–02, 793 *A.*2d 882 (App.Div.2002) (explaining that trial court is not bound to plea bargain when imposing sentence). The panel expressed concern, based on its review of the sentencing transcript, that the sentence was imposed based on the plea agreement. As a result, the panel's letter concluded that a remand was necessary to permit the trial court to flesh out a comprehensive record detailing its consideration of the stated mitigating factors, to ensure that the trial court, in fact, recognized the controlling nature of its discretion. We thereafter granted the State's petition for certification from the Appellate Division's Statement of Reasons. *State v. Bieniek*, 199 *N.J.* 517, 973 *A.*2d 384 (2009).

## II.

Improved consistency in sentencing was a "paramount" goal of New Jersey's Code of Criminal Justice (Code). *State v. Kromphold*, 162 *N.J.* 345, 352, 744 *A.*2d 640 (2000) (citation omitted). The Code was designed to promote that goal by providing courts with a system for "structured discretion" in sentencing. *State v. Roth*, 95 *N.J.* 334, 345, 471 *A.*2d 370 (1984). And, we have "assured our trial judges that when they 'exercise discretion in

accordance with the principles set forth in the Code and defined by us . . ., they need fear no second-guessing.'" *State v. Ghertler,* 114 *N.J.* 383, 384, 555 *A.*2d 553 (1989) (quoting *Roth, supra,* 95 *N.J.* at 365, 471 *A.*2d 370).

■ Under the Code, a sentencing court first must determine, pursuant to *N.J.S.A.* 2C:44–1(a) and (b), whether aggravating and mitigating factors apply. After balancing the factors, the trial court may impose a term within the permissible range for the offense. *See N.J.S.A.* 2C:44–1(f); *State v. Natale,* 184 *N.J.* 458, 487–88, 878 *A.*2d 724 (2005) (eliminating use of presumptive terms by sentencing courts when weighing aggravating and mitigating factors and imposing sentence). The Court Rules require that the sentencing court explain the reasoning behind its findings. *R.* 3:21–4(g).

■ That explanation is important for meaningful appellate review of any criminal sentence challenged for excessiveness. The reviewing court is expected to assess the aggravating and mitigating factors to determine whether they "were based upon competent credible evidence in the record." *Roth, supra,* 95 *N.J.* at 364–65, 471 *A.*2d 370. An appellate court is not to substitute its assessment of aggravating and mitigating factors for that of the trial court. *State v. O'Donnell,* 117 *N.J.* 210, 215, 564 *A.*2d 1202 (1989). However, when an appellate court determines that the trial court has found aggravating and mitigating factors unsupported by the record, the appellate court can intervene and disturb such a sentence with a remand for resentencing. *State v. Carey,* 168 *N.J.* 413, 430, 775 *A.*2d 495 (2001) (citing *Roth, supra,* 95 *N.J.* at 365–66, 471 *A.*2d 370); *see also Roth, supra,* 95 *N.J.* at 364–65, 471 *A.*2d 370 (condoning remand or outright reversal when trial court's sentence "shocks the judicial conscience"). We also have held that a remand may be required when a reviewing court determines that a sentencing court failed to find mitigating factors that clearly were supported by the record. *State v. Dalziel,* 182 *N.J.* 494, 505, 867 *A.*2d 1167 (2005) (concluding that aggravating and mitigating factors supported by record "must be a part of the

deliberative process"). Our decisions do not require, however, that the trial court explicitly reject each and every mitigating factor argued by a defendant. *See State v. Pillot,* 115 *N.J.* 558, 565–66, 560 *A.*2d 634 (1989) (determining that although trial judge's statement of reasons for imposing sentence could have been clearer, it was "possible in the context of this record to extrapolate without great difficulty the court's reasoning"). It is sufficient that the trial court provides reasons for imposing its sentence that reveal the court's consideration of all applicable mitigating factors in reaching its sentencing decision. *See ibid.*

▪ Although our case law does not require that trial courts explicitly reject every mitigating factor argued to the court, we encourage judges to address each factor raised, even if only briefly. That practice not only ensures consideration of every factor but also demonstrates to defendants and the public that all arguments have been evaluated fairly. A plain statement of the trial court's reasoning also assists reviewing courts in the performance of their duties.

### III.

▪ In this appeal we can readily deduce from the sentencing transcript that Judge Mulvihill was mindful of and did consider the mitigating factors urged for defendant. From that record, we discern the following as his reasons for not finding the mitigating factors presented by defendant's counsel. First, in respect of counsel's argument concerning mitigating factor number two, that defendant "did not contemplate that his conduct would cause or threaten serious harm," *N.J.S.A.* 2C:44–1(b)(2), we note that Judge Mulvihill discussed how "society has been trying to send a message to all people that if you drink and/or you use drugs you don't drive a motor vehicle." That message, which, as Judge Mulvihill observed, defendant just "did not get," broadcasts that the harm posed by mixing driving with drinking or taking drugs is intolerable. Yet, defendant risked the intolerable by imbibing alcohol to excess, and drugs, and then operating a motor vehicle.

The import of Judge Mulvihill's comment is that defendant's failure to "get" the message would not inure to his benefit in the form of a finding of mitigating factor two. Second, in response to the related argument that defendant's "severe hereditary alcoholism" somehow mitigated his conduct under factor number four, *N.J.S.A.* 2C:44-1(b)(4), Judge Mulvihill noted that many people have genetic predispositions to substance abuse and, further, that defendant could have taken actions to help alleviate or terminate his dependency problem. We find no fault in the court's disinclination to find that mitigating factor.

Turning to counsel's third argument that defendant had no significant criminal history and that he should be eligible for mitigating factor number seven, *N.J.S.A.* 2C:44-1(b)(7), Judge Mulvihill rebuffed the assertion that defendant lacked connection to the justice system. The court recognized that defendant had a juvenile record going back to when he was sixteen years old, noting that such involvement provided defendant with ample opportunity to obtain help for his problems before this most recent incident. Defense counsel also argued that defendant's character and attitude supported a finding under mitigating factor number nine that he would be "unlikely to commit another offense," *N.J.S.A.* 2C:44-1(b)(9). The court made a contrary determination, however, when it specifically found that defendant *was likely* to commit another offense under aggravating factor three, *N.J.S.A.* 2C:44-1(a)(3). The court's sentencing statement noted that people with substance abuse problems struggle with such problems for a long time. Moreover, and although defendant demonstrated an understanding that he must pay for his actions, the court expressed its hope that defendant would learn by the time he was released from prison that he should not drive a motor vehicle while under the influence of drugs or alcohol.[1]

---

[1] Counsel's additional arguments concerning defendant's age and the impact of the eighty-five percent period of parole ineligibility on the time defendant would spend in custody are not statutory mitigating factors and thus did not need to be addressed by Judge Mulvihill in sentencing. Counsel's other argu-

Finally, and in response to counsel's argument that defendant's sentence was disproportionate to sentences received by similar offenders, Judge Mulvihill specifically addressed the increasingly "stringent" sentences being imposed for motor vehicle cases resulting in serious bodily injury and death. He further perceived a correlation between those more stringent sentences and the reduction in the number of injuries and deaths resulting from motor vehicle accidents over the years.

In sum, the court's explanation at sentencing, read in its totality, clearly indicates that the court considered the arguments in favor of mitigating factors urged by defendant and rejected the applicability of those factors as well as defendant's disproportionality argument. In closing, we add only the following. In respect of the issue raised by the panel about whether the court recognized that it need not accept the sentence in the negotiated plea agreement, we find that there was no basis whatsoever for questioning the trial court's understanding of its authority. Judge Mulvihill unequivocally expressed his recognition that although defendant entered into a negotiated plea agreement, the court, and the court alone, had the exclusive authority to accept or reject the plea agreement.[2] In the circumstances presented, the sen-

_____

ment for application of mitigating factor number thirteen—that defendant's conduct was influenced by a person more mature than defendant, N.J.S.A. 2C:44–1(b)(13)— was simply inapplicable based on a facial reading of the statute. There was no evidence that defendant's father directly contributed to defendant's intoxicated state. *See, e.g., State v. Torres*, 313 *N.J.Super.* 129, 162–63, 713 *A.2d* 1 (App.Div.), *certif. denied*, 156 *N.J.* 425, 719 *A.2d* 1023 (1998) (finding that trial judge appropriately omitted mitigating factor thirteen because even though defendant was only sixteen his actions were not childish in nature); *State v. Megargel*, 278 *N.J.Super.* 557, 563–65, 651 *A.2d* 1051 (App.Div.1995), *rev'd on other grounds*, 143 *N.J.* 484, 673 *A.2d* 259 (1996) (giving weight to mitigating factor thirteen because mature and authoritative figure also participated in crime, thereby influencing youthful defendant).

2 Before imposing defendant's sentence, Judge Mulvihill stated:

It's a negotiated plea agreement which the Court can accept. I know the prosecutor is expecting to get what the agreement calls for. I know that

tence imposed was clearly the sentence that the court chose to impose. Because the sentencing court adhered to the sentencing principles set forth in the Code and defined in our case law, its discretion should be immune from second-guessing. We grant to it the deference to which it is entitled under our traditional principles of appellate review of a criminal sentence. Accordingly, we hold that the sentence imposed by the trial court is valid and must be affirmed.

## IV.

We reverse the judgment of the Appellate Division and reinstate the sentence imposed by the trial court.

Justice LONG, dissenting.

The issue in this case is not whether the trial judge imposed a sentence in accordance with the Code of Criminal Justice but whether the Appellate Division erred in requesting the judge to explain more fully the reasons for his sentence. In an entirely unremarkable exercise of its reviewing function, the Appellate Division remanded this case to the trial judge to assure that the lengthy NERA sentence imposed on this nineteen-year-old defendant was based on consideration of all relevant matters. It did so because it was unsure, from the record, whether that was the case:

> We are also aware, as any reviewing court must be, that even the most experienced judge may, on occasion, not compile the fullest record.
>
> Our obligation on sentencing appeals is to ensure that every defendant is sentenced within the parameters of the criminal code and receives the full consideration to which he is entitled, no matter how horrendous the offense may be. Were we to disregard that obligation we would indeed have abdicated our appellate responsibility. ..

In ruling, the panel did not suggest, even obliquely, that the sentence was improper. Rather, in an abundance of caution, it

---

[defense counsel] is expecting that I will be more lenient and I have the job to make the final decision which is not an easy job.

asked the judge to abide by his obligations under *Rule* 3:21–4(g) and state, more precisely, the reasons for the sentence.

That is exactly the way the case should have been decided. Where there is doubt regarding how the trial judge ruled on issues raised, it is not for the reviewing court to agree or disagree with the sentence or to intuit from silence or ambiguous ruminations the judge's thoughts. Rather, it is for the judge to state clearly the reasons why he acted as he did.

Because the Appellate Division's disposition of this case was legally unexceptionable, we should not have granted certification. Indeed, none of the standards for certification set forth in *Rule* 2:12–4 was satisfied here. The case is not of general importance; there is no unsettled legal question presented; there is no similar case pending in this Court; there is no conflict among appellate panels; the case does not call for our supervision; there are no "interests of justice" elements lurking in the margins of the remand order; and the case does not present "special" reasons warranting our review. Accordingly, I would rule that certification was improvidently granted.

Justices ALBIN and WALLACE join in this opinion.

*For reversal and reinstatement*—Chief Justice RABNER and Justices LaVECCHIA, RIVERA–SOTO and HOENS—4.

*For affirmance*—Justices LONG, ALBIN and WALLACE—3.