**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2941-14T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DION L. CROMWELL, a/k/a MALIK
CROMWELL, DEON CROMWELL, DION
FLEMING, and DEON FLEMING, and
MALIK CRONWELL,

    Defendant-Appellant.

_____

Submitted May 15, 2017 — Decided June 30, 2017

Before Judges Haas and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 13-06-0546.

Joseph E. Krakora, Public Defender, attorney for appellant (Joshua D. Sanders, Assistant Deputy Public Defender, of counsel and on the brief).

Grace H. Park, Acting Union County Prosecutor, attorney for respondent (N. Christine Mansour, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Dion L. Cromwell appeals from his conviction and sentence following a jury trial. After a review of his contentions in light of the record and applicable legal principles, we affirm.

Two police officers were conducting a motor vehicle stop in a marked patrol car when a black Dodge Charger drove past them at a "high rate of speed." The officers terminated the motor vehicle stop and attempted to catch up with the Charger. When the car stopped at a traffic light, the officers activated their lights and sirens. The officers followed the Charger as it "accelerated at a high rate of speed," and cut off several vehicles. The Charger then began to skid, struck the curb and a metal guardrail, and came to a stop blocking both lanes of travel.

The officers exited their vehicle with their weapons drawn and approached the Charger, instructing defendant to turn off the car. Officer Sean Campbell testified that he observed "[t]he driver . . . raise[] his left hand as if he had a weapon, and then simultaneously . . . accelerate[] toward [him]." Fearing that defendant had a weapon, Officer Campbell fired three times at the Charger, striking the driver's side rear door and quarter panel. Defendant reversed the vehicle and proceeded again onto the highway.

The officers continued their pursuit of defendant and eventually caught up to the car after it drove over a concrete

median, causing the driver to lose control and spin out, disabling the Charger. When the officers reached the car, the driver's side door was open and the car was unoccupied. Defendant was apprehended shortly thereafter in a nearby warehouse.

Defendant was charged in an indictment with second-degree eluding, N.J.S.A. 2C:29-2(b); third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(2); fourth-degree aggravated assault, N.J.S.A. 2C:12-1(b)(5); third-degree resisting arrest, N.J.S.A. 2C:29-2(a); and third-degree possession of a weapon for unlawful purpose, N.J.S.A. 2C:39-4(d).

The case was tried before a jury in October 2014. Defendant was convicted of second-degree eluding and third-degree resisting arrest, and he was sentenced to an aggregate term of eighteen years imprisonment with a six-year period of parole ineligibility.

On appeal, defendant presents the following issues:

> POINT I: THE PROSECUTOR MISSTATED THE LAW AND DILUTED THE STATE'S BURDEN OF PROOF BY ARGUING IN SUMMATION THAT THE PRESUMPTION OF INNOCENCE WAS EXTINGUISHED BEFORE JURY INSTRUCTIONS OR DELIBERATIONS, VIOLATING MR. CROMWELL'S RIGHT TO A FAIR TRIAL. U.S. CONST., AMEND. XIV; N.J. CONST. (1947), ART. 1, PAR. 10.
>
> POINT II: THE CONVICTION SHOULD BE VACATED BECAUSE THE JURORS WERE NOT INSTRUCTED THAT THEY MUST UNANIMOUSLY AGREE AS TO WHICH INCIDENT ESTABLISHED SECOND-DEGREE ELUDING.
>
> POINT III: THE TRIAL WAS SO INFECTED WITH ERROR THAT EVEN IF EACH INDIVIDUAL ERROR DOES

NOT REQUIRE REVERSAL, THE AGGREGATE OF THE ERRORS DENIED MR. CROMWELL A FAIR TRIAL.

POINT IV: MR. CROMWELL'S SENTENCE IS MANIFESTLY EXCESSIVE AND UNDULY PUNITIVE AND VIOLATES THE LAWS OF NEW JERSEY WITH RESPECT TO THE IMPOSITION OF THE DISCRETIONARY EXTENDED TERM.

    A. The Trial Court Erred By Finding Aggravating Factors One And Two In This Case.

    B. Mr. Cromwell's Sentence Is Otherwise Excessive, Unduly Punitive, And Requires Reduction.

    C. A Period Of Parole Ineligibility Is Not Warranted In This Matter.

During summation, the assistant prosecutor stated:

Over a week ago, Mr. Cromwell sat in that seat with the presumption of innocence. He had a veil over him. He was presumed innocent because the State had presented no evidence against him for the crimes with which he was charged.

Today, that presumption is gone. He no longer sits there presumed innocent because the State has proven beyond a reasonable doubt through the evidence presented, through several days of testimony, maps, photographs, exhibits, that on January 20th, 2013, [defendant] made certain choices, and making those choices, he committed certain crimes.

There was no objection by defense counsel. Defendant contends that this statement is prosecutorial misconduct requiring a reversal of the verdict. We disagree.

4

Where defense counsel does not object to statements made in summation, the plain error standard applies. R. 2:10-2. We reverse only if the error was "clearly capable of producing an unjust result." State v. Miller, 205 N.J. 109, 126 (2011) (quoting R. 2:10-2). "Generally, if no objection was made to the improper remarks, the remarks will not be deemed prejudicial." State v. Timmendequas, 161 N.J. 515, 576 (1999), cert. denied, 534 U.S. 858, 122 S. Ct. 136, 151 L. Ed. 2d 89 (2001) (citing State v. Ramseur, 106 N.J. 123, 323 (1987)). "Failure to make a timely objection indicates that defense counsel did not believe the remarks were prejudicial at the time they were made." Ibid. (citing State v. Irving, 114 N.J. 427, 444 (1989)).

Defendant argues that the prosecutor's remarks were a misstatement of the law and prejudiced his right to be presumed innocent by the jury until proven guilty beyond a reasonable doubt.

Our Supreme Court has stated that "a court must take care to ensure that the jury enter its deliberations without preconceived views as to the existence of any essential element of the offense or the guilt of the defendant." State v. Ingenito, 87 N.J. 204, 214 (1981). Here the prosecutor inartfully argued to the jury that the State had met its burden of proof, and therefore, defendant was to be adjudged guilty on the charges and was no longer presumed innocent. In making this argument, the prosecutor

improperly advised that the presumption of innocence had been extinguished. It is a basic tenet of our criminal law that the presumption continues "throughout the trial and even during deliberations unless and until the jury has reached its verdict." See State v. Moore, 122 N.J. 420, 456 (1991).

Not every deviation by a prosecutor, however, requires the reversal of a conviction. State v. Darrian, 255 N.J. Super. 435, 453 (App. Div.), certif. denied, 130 N.J. 13 (1992) (citing State v. Bucanis, 26 N.J. 45, 56, cert. denied, 357 U.S. 910, 78 S. Ct. 1157, 2 L. Ed. 2d 1160 (1958)). "The prosecution is afforded considerable leeway, within limits, in making opening statements and summations." State v. Loftin, 146 N.J. 295, 386-87 (1996) (citations omitted). In assessing whether an improper remark in summation requires reversal, we must determine whether the conduct was "so egregious that it deprive[s] the defendant of a fair trial." State v. Frost, 158 N.J. 76, 83 (1999) (citing Ramseur, supra, 106 N.J. at 332; State v. Siciliano, 21 N.J. 249, 262 (1956)).

Here, the improper comment was brief and consisted of two sentences in the prosecutor's summation. It was not repeated or emphasized. Furthermore, the trial judge gave instructions to the jury explaining and clarifying the State's burden of proof and defendant's presumption of innocence seven times during the course

6

of the trial and jury instructions. We note also that the jury acquitted defendant of several of the charges, reflecting its understanding that the State must prove every element of each offense beyond a reasonable doubt. We are satisfied that the prosecutor's statement was not so egregious as to warrant a reversal of defendant's conviction.

Defendant criticizes the jury instructions in an argument not raised to the trial court, asserting that the events were actually four separate incidents and, therefore, the judge should have instructed the jury that they must unanimously agree as to which act constituted the offense of second-degree eluding. Defendant characterizes the four incidents as (1) the attempt by the police to catch up to defendant's vehicle after it sped past the traffic stop; (2) the officers' pursuit of defendant, and the Charger's stop and blocking of lanes; (3) the police exiting their vehicle and approaching defendant followed by defendant reversing his car and taking off again; and (4) defendant's flight on foot after his car became disabled.

We, again, consider defendant's argument under the plain error standard, and will reverse only if we find the error was clearly capable of producing an unjust result. R. 2:10-2.

There is no merit to defendant's argument that these events were four separate and distinct acts of eluding. The indictment

did not charge multiple counts of eluding; defense counsel did not request that instructions be given to the jury for separate acts of eluding. A review of the charge reflects that the trial judge gave appropriate instructions as to the elements of the eluding charge including its culpability requirement. The jury was repeatedly advised that its verdict must be unanimous on each charge. There has been nothing presented that the jury was confused.

We have considered the arguments defendant has offered to establish that an extended term should not have been imposed and that his sentence was excessive, and determined they lack merit. Counsel did not object to the imposition of an extended term. The judge's findings and balancing of the aggravating and mitigating factors are supported by adequate evidence in the record, and the sentence is neither inconsistent with sentencing provisions of the Code of Criminal Justice, N.J.S.A. 2C:1-1 to 104-9, nor shocking to the judicial conscience. See State v. Bieniek, 200 N.J. 601, 608 (2010); State v. Cassady, 198 N.J. 165, 180-81 (2009).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION