NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3516-15T1

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

EMMANUEL RUIZ PAGAN,

 Defendant-Appellant.
___________________________

 Submitted July 5, 2017 – Decided September 15, 2017

 Before Judges Nugent and Accurso.

 On appeal from Superior Court of New Jersey,
 Law Division, Essex County, Indictment No.
 13-05-1143.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Margaret McLane, Assistant
 Deputy Public Defender, of counsel and on
 the brief).

 Robert D. Laurino, Acting Essex County
 Prosecutor, attorney for respondent (Frank
 J. Ducoat, Special Deputy Attorney
 General/Acting Assistant Prosecutor, of
 counsel and on the brief).

PER CURIAM

 Defendant Emmanuel Ruiz Pagan pled guilty to first-degree

robbery, N.J.S.A. 2C:15-1 and second-degree unlawful possession
of a weapon, N.J.S.A. 2C:39-5b. Pursuant to a negotiated plea

agreement, he reserved his right to challenge the denial of his

motion to dismiss the indictment based on the State's failure to

preserve the hard drive of the surveillance system that

supposedly captured the crime. The judge sentenced defendant in

accordance with the plea agreement to an aggregate prison term

of fifteen years subject to the periods of parole ineligibility

and supervision required by the No Early Release Act, N.J.S.A.

2C:43-7.2. Defendant now appeals, raising the following issues:

 POINT I

 DUE TO THE STATE'S LOSS OF THE SURVEILLANCE
 VIDEO HARD DRIVE, THE INDICTMENT MUST BE
 DISMISSED.

 POINT II

 THE FIFTEEN-YEAR SENTENCE, WITH 85% TO BE
 SERVED WITHOUT PAROLE, IS MANIFESTLY
 EXCESSIVE.

Finding no error in defendant's conviction or sentence, we

affirm.

 Defendant and a confederate, both armed with handguns,

entered the El Bachatipico restaurant in Newark at about one

o'clock in the morning on September 11, 2012. Defendant drew

his gun and announced to the several people present, "This is a

stick up." One of the patrons identified himself as a police

officer and drew his service weapon. Defendant and his partner

 2 A-3516-15T1
shot at the officer, and he returned fire. The robbers fled

outside, where more shots were exchanged. Although the officer

shot defendant in his shoulder, leg, low back and left hand, he

managed to escape. He was later apprehended at a local

hospital. No one else was injured. The police took statements

from several witnesses relating those events and the off-duty

officer identified defendant as the robber he shot.

 The court conducted an evidentiary hearing on defendant's

motion to dismiss the indictment three years after the robbery.

The owner of the restaurant testified it had a surveillance

system. When he went to retrieve the video of the incident

shortly after the robbery, however, he found nothing had been

recorded. A detective with the crime scene/technical services

unit of the Essex County Prosecutor's Office testified he

likewise tried to retrieve video from the system later that same

night without success.

 The following day, the owner called the man who installed

the system to inspect it. The owner testified the technician

advised the hard drive had malfunctioned and swapped it out for

a new unit. The owner took the old hard drive to the

prosecutor's office that afternoon. The technical services unit

detective again tried to retrieve video from the unit but could

not even get it to fully power up. Determining the unit was

 3 A-3516-15T1
damaged and of no evidential value, the supervising detectives

claim they immediately returned it to the restaurant owner. The

owner claimed he left it with the prosecutor's office and never

got it back.

 After hearing the testimony, the judge found "no concrete

evidence . . . that the hard drive was returned to [the

restaurant owner]." The judge found the State had an obligation

to preserve the hard drive for inspection by defendant and

negligently failed to do so. She found defendant had produced

no evidence of bad faith. Although finding no question but that

defendant was deprived of the opportunity to inspect the unit

and determine for himself that no images were captured, the

court found the absence of the unit made it impossible to

determine "whether any images that may have been captured on

that hard drive would have been a value to the defense."

Rejecting defendant's claim that the evidence supported

dismissing the indictment, the judge determined the appropriate

sanction was an adverse inference charge against the State at

trial.

 "[D]ismissal of an indictment due to loss of discoverable

evidence is a drastic remedy that should be sparingly employed."

State v. Montijo, 320 N.J. Super. 483, 490 (Law Div. 1998). The

decision is addressed to the discretion of the trial court,

 4 A-3516-15T1
State v. Feliciano, 224 N.J. 351, 380 (2016), and the exercise

of its authority will not be disturbed in the absence of clear

abuse, State v. Hogan, 144 N.J. 216, 229 (1996).

 A court considering whether a defendant's due process

rights have been violated by the State's failure to preserve

physical evidence must focus on "(1) whether there was bad faith

or connivance on the part of the government, (2) whether the

evidence . . . was sufficiently material to the defense, [and]

(3) whether [the] defendant was prejudiced by the loss or

destruction of the evidence." State v. Hollander, 201 N.J.

Super. 453, 479 (App. Div.) (internal citations omitted),

certif. denied, 101 N.J. 335 (1985). "Without bad faith on the

part of the State, 'failure to preserve potentially useful

evidence does not constitute a denial of due process of law.'"

George v. City of Newark, 384 N.J. Super. 232, 243 (App. Div.

2006) (quoting Arizona v. Youngblood, 488 U.S. 51, 57, 109 S.

Ct. 333, 337, 102 L. Ed. 2d 281, 289 (1988)); see also State v.

Marshall, 123 N.J. 1, 109 (1991) (applying Youngblood bad faith

standard); State v. Mustaro, 411 N.J. Super. 91, 103-05 (App.

Div. 2009) (same).1

1
 We reject defendant's argument that we can dispense with the
bad faith requirement of Youngblood by resort to our own State
Constitution. Our Supreme Court follows Youngblood, and we are
 (continued)

 5 A-3516-15T1
 Our review of the record satisfies us the trial judge was

correct in finding defendant failed to adduce any evidence of

bad faith. The detective from the technical services unit was

not the only witness to testify the restaurant's surveillance

system had not recorded the incident. The restaurant owner also

testified there was nothing recorded and further claimed the

technician who installed the system made the same finding.

Defendant offered no reason why police would deliberately

suppress or destroy a hard drive an independent witness

testified had not recorded anything.

 Although defendant was deprived of the opportunity to

confirm the absence of a video recording of the events in the

restaurant, we have no basis to believe the video would have

undermined, as opposed to supported, the witnesses' statements

identifying defendant as the robber. Indeed, defense counsel

never proffered how the video might exculpate his client.

Because defendant did not establish the videotape had

exculpatory value apparent to the State when it was lost or

destroyed or that the State failed to preserve its potentially

(continued)
not free to deviate from its direction. See Marshall, supra,
123 N.J. at 109; Mustaro, supra, 411 N.J. Super. at 103 n.4
(declining to follow other states eschewing bad faith as a
matter of state constitutional law in light of Marshall and
State v. Reynolds, 124 N.J. 559, 569 (1991)).

 6 A-3516-15T1
exculpatory value in bad faith, defendant could not establish a

due process violation or any entitlement to relief.2

 We have considered the arguments defendant has offered to

establish his aggregate fifteen-year sentence is excessive and

determined they present no basis for reversal. Defendant was

sentenced in accordance with his negotiated plea agreement. The

judge characterized his violent stick up of the restaurant, "a

brazen crime, more in the fashion of a high noon at the O.K.

Corral. Committed in a manner showing utter disregard for the

safety or sensibilities of the public."

 The judge found aggravating factors three, the risk that the

defendant will commit another offense, N.J.S.A. 2C:44-1a(3); and

nine, the need for deterring the defendant and others from

violating the law, N.J.S.A. 2C:44-1a(9), and no mitigating factors.

She further noted defendant had completed an eight-year prison term

in Puerto Rico for robbery and weapons offenses within a year of

committing this offense.

 Having reviewed the record, we conclude defendant's fifteen-

year sentence is neither inconsistent with sentencing provisions of

the Code of Criminal Justice nor shocking to the judicial

2
 As defendant failed to establish a due process violation, we
surmise the adverse inference against the State was a sanction
for a discovery violation under Rule 3:13-3, although that is
not clear from the record.

 7 A-3516-15T1
conscience. See State v. Fuentes, 217 N.J. 57, 70-71 (2014); State

v. Bieniek, 200 N.J. 601, 608 (2010); State v. Cassady, 198 N.J.

165, 180-81 (2009).

 Affirmed.

 8 A-3516-15T1