**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0064-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

LAMAR P. WARREN,

    Defendant-Appellant.

_____

Submitted January 30, 2019 - Decided March 19, 2019

Before Judges Accurso and Moynihan.

On appeal from Superior Court of New Jersey, Law Division, Mercer County, Indictment No. 10-09-0989.

Joseph E. Krakora, Public Defender, attorney for appellant (Joseph A. Manzo, Designated Counsel, on the brief).

Angelo J. Onofri, Mercer County Prosecutor, attorney for respondent (Mary E. Stevens, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Lamar P. Warren appeals from the denial of his petition for post-conviction relief (PCR), contending he established a prima facie case of ineffective assistance of counsel requiring an evidentiary hearing. Because Judge Billmeier was correct in determining the evidence insufficient to sustain defendant's burden, we affirm.

Defendant, a member of the Sex Money Murder gang, killed a thirteen-year-old girl when he and another member of the gang shot into a crowd attending a block party in Trenton. He planned the crimes with a higher ranking member of his gang to avenge the shooting of one of its members by a rival gang expected to attend the party. Defendant was indicted on charges of first-degree murder, conspiracy and weapons offenses. He pleaded guilty in a negotiated agreement to aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1), and unlawful possession of a handgun, N.J.S.A. 2C:39-5(b), in exchange for the State's recommendation that he spend thirty years in State prison on the aggravated manslaughter charge, subject to the periods of parole ineligibility and supervision required by the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, and serve a consecutive nine-year term, with four-and-a-half years' parole ineligibility, for possession of the handgun.

A-0064-17T4

At sentencing, the State argued for aggravating factors one, the nature and circumstances of the offense; two, the gravity and seriousness of the harm inflicted on the victim; three, the risk that defendant will commit another offense; five, the substantial likelihood defendant is involved in organized criminal activity; six, the extent of defendant's prior criminal record; and nine, the need for deterring defendant and others from violating the law. N.J.S.A. 2C:44-1(a)(1), (2), (3), (5), (6) and (9).

Defendant's counsel filed a sentencing memorandum arguing imposition of aggravating factors one and two would constitute double counting, and factors three, six and nine were unwarranted as defendant had no adult convictions and his juvenile record, with the exception of one adjudication of fighting at age thirteen, consisted of "non-violent and CDS or alcohol related" offenses. Although acknowledging factor five was present, as "[i]t appears defendant was a member of a street gang," defendant's counsel argued he "was a low ranking member and there is no indication he participated in any other gang related activity." Counsel argued for mitigating factors four, substantial grounds tending to excuse or justify defendant's conduct; eight, that the conduct was the result of circumstances unlikely to recur; nine, the character and attitude of defendant indicate he is unlikely to commit another offense; and thirteen, a

3

A-0064-17T4

youthful defendant, substantially influenced by another person more mature than he.  See N.J.S.A. 2C:44-1(b)(4), (8), (9) and (13).

Counsel further argued at length, both in his memorandum and at sentencing, that the State's recommended sentence was unjust when compared to the lighter sentences the State offered the "higher-ups" in the gang who ordered the shooting and provided defendant the gun.  Counsel contended that "[i]f the State is willing to recommend leniency for gang managers who ordered the shooting . . . surely the same consideration should apply to a youthful offender directed to act by those more mature and acting out of fear for his safety and that of his brother" who drove him to the scene.  Counsel further contended that because the gun defendant used in the shooting was supplied by those higher-ups and only in his possession for that incident, defendant should "be sentenced to the lower end of the range for aggravated manslaughter and that the sentence for unlawful possession of a weapon run concurrently if not merged."

Judge Fleming rejected those arguments in sentencing defendant in accordance with his negotiated plea.  Specifically, Judge Fleming found aggravating factors one and two applied because defendant was involved in the planning of the shooting, which was arranged to avenge the shooting of a fellow

gang member by a rival gang. He found aggravating factor three as he was confident that if released from custody, defendant "would return, without hesitation, to the gang life that he participated in prior to this offense."

Judge Fleming found aggravating factor five, noting defendant admitted his gang involvement, which "has brought a curse to the City of Trenton." Although acknowledging defense counsel's arguments about defendant's record, the judge nevertheless found defendant's "abominable juvenile history" of thirteen contacts and eight adjudications warranted the finding of aggravating factor six, noting he would "weigh that factor only slightly in [his] balancing." The judge further found no one could dispute a finding of aggravating factor nine, "the need to deter this defendant and others, others in this courtroom, others in this City, others in this country from violating the law and understanding that actions have consequences and that punishment needs to be imposed for actions that harm others and for violations of the law."

Judge Fleming rejected that any mitigating factors applied. In rejecting mitigating factor four, the judge specifically dismissed any notion that defendant acted under duress. The judge noted defendant, albeit young, occupied a higher rank in the gang than others, including his brother, who were older. Judge Fleming found "[t]here was no duress here and to suggest otherwise . . . is

A-0064-17T4

unsupported by the entire record in this matter." He likewise rejected mitigating factors eight and nine as wholly unsupported by the record. Judge Fleming advised he gave strong consideration to whether a finding of mitigating factor thirteen was warranted, but concluded defendant "was not substantially influenced by another person more mature than himself. As indicated, he had rank, he had influence, he could have said no and he didn't."

Balancing the factors qualitatively, the judge found "the aggravating factors substantially, and I stress substantially, outweigh the mitigating factors that are argued." Judge Fleming noted the efforts expended by counsel in hammering out the plea in considering defendant's request that he depart from the negotiated agreement by imposing a lesser sentence. The judge concluded that were he "inclined to depart from" the agreement the parties negotiated, "there's no doubt in my mind that it would be an upward deviation rather than a downward."

Defendant appealed his sentence, which we reviewed on a sentencing calendar, R. 2:9-11. Finding defendant's sentence not manifestly excessive or unduly punitive and not an abuse of discretion, see State v. Bieniek, 200 N.J. 601, 612 (2010), we affirmed but remanded for reconsideration of whether the

weapon charge should have merged into the aggravated manslaughter conviction for sentencing purposes.

Judge Fleming reconsidered the sentence in accordance with our remand and imposed the same sentence. The judge noted again that this was a negotiated plea to consecutive term sentences, and the elements of unlawful possession of a weapon are "separate and distinct" from the elements of aggravated manslaughter, indicating the convictions should not merge. See State v. Tate, 216 N.J. 300, 306-07 (2013). Although acknowledging defense counsel's argument that the State is typically willing to dismiss an unlawful possession of a weapon charge in the context of a negotiated plea, the judge noted "this was anything but the typical case."

Observing defendant received "a significant reduction from the State's plea offer" of fifty years, Judge Fleming found defendant was sentenced to "essentially what he bargained for" and merging the convictions would permit defendant a "free crime" contrary to State v. Yarbough, 100 N.J. 627, 643-44 (1985). We affirmed the sentence on defendant's appeal, and the Supreme Court denied defendant's petition for certification. State v. Warren, 223 N.J. 280 (2015).

A-0064-17T4

In his amended PCR petition, defendant argued plea counsel was ineffective for failing to investigate the case and present witnesses favorable to his defense, failing to submit the statements of several of defendant's friends and family who would have spoken on his behalf at sentencing resulting in the court's failure to find any mitigating factors, and failing to argue at sentencing that imposition of aggravating factors one and two constituted double counting. Defendant also argued appellate counsel was ineffective for failing to make that argument on appeal.

Judge Billmeier denied the petition without an evidentiary hearing. He rejected defendant's claim that plea counsel failed to investigate his case because defendant failed utterly to identify what facts a competent investigation would have revealed and how they would have affected defendant's decision to enter his plea. Having reviewed the several statements from friends and family members defendant presented with his petition, the judge concluded the statements only reiterated the arguments defendant's counsel presented to Judge Fleming, all of which the judge rejected as inconsistent with the facts in the record. Judge Billmeier thus concluded plea counsel was not ineffective for his alleged failure to advise defendant's friends and family that they could speak at sentencing and the proffered statements would not have persuaded Judge

 A-0064-17T4

Fleming to find mitigating factors four and thirteen, thereby possibly lessening defendant's negotiated sentence.

Finally, Judge Billmeier found defense counsel was not ineffective for failing to argue the inapplicability of aggravating factors one and two as they did not constitute double counting on the facts under established case law. Moreover, assuming arguendo that the sentencing court erred in applying those two aggravating factors and counsel was ineffective in failing to raise the issue, the other aggravating factors found by the court, factors three, five, six and nine, would still substantially outweigh the non-existent mitigating factors, meaning defendant suffered no prejudice.

Defendant presents the following arguments on appeal:

POINT I

THE LOWER COURT ERRED IN FINDING THAT THE PETITIONER FAILED TO MAKE A PRIMA FACIE CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL.

A)  Trial counsel's ineffectiveness with respect to the failure to bring supporting persons before the court to establish mitigating sentencing factors.

B)  Trial counsel's ineffectiveness by failing to argue against all aggravating factors found by the court, and appellate counsel's ineffectiveness for failing to appeal the sentencing court's findings.

<u>POINT II</u>

BECAUSE THE DEFENDANT MADE A PRIMA FACIE SHOWING OF INEFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNSEL, THE COURT MISAPPLIED ITS DISCRETION IN DENYING POST-CONVICTION RELIEF WITHOUT CONDUCTING A FULL EVIDENTIARY HEARING.

We reject those arguments as without sufficient merit to warrant discussion in a written opinion, <u>see</u> <u>R.</u> 2:11-3(e)(2), and affirm the denial of defendant's petition substantially for the reasons set forth in Judge Billmeier's cogent and well-reasoned written opinion of August 7, 2017.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0064-17T4