# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3568-17T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ARTHUR W. VESPIGNANI,
a/k/a ARTHUR WILLIAM
VESPIGNANI, ARTHUR
WILLIAM VESPIGNANI, JR.,

     Defendant-Appellant.

_____

Argued September 17, 2019 - Decided November 8, 2019

Before Judges Fisher and Accurso.

On appeal from the Superior Court of New Jersey, Law Division, Warren County, Accusation No. 18-01-0027.

James H. Maynard, Designated Counsel, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; James H. Maynard, on the briefs).

Dit Mosco, Assistant Prosecutor, argued the cause for respondent (Richard T. Burke, Warren County

Prosecutor, attorney; Kelly A. Shelton, of counsel and on the brief).

PER CURIAM

Defendant Arthur W. Vespignani pleaded guilty to third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(b)(5)(b), stemming from his possession of child pornography, and fourth-degree violation of the conditions of community supervision for life, N.J.S.A. 2C:43-6.4(d), and was sentenced in accordance with a negotiated agreement to four years in State prison on the former and a concurrent eighteen-months on the latter and to parole supervision for life by consent. He appeals his sentence raising two issues:

> POINT I
>
> TRIAL COURT ABUSED ITS DISCRETION BY REJECTING ALL BUT ONE MITIGATING FACTOR PROPOSED BY THE DEFENDANT, AND BY FINDING AGGRAVATING FACTORS THAT WERE UNSUPPORTED BY FACTS IN THE RECORD [NOT RAISED BELOW].
>
> POINT II
>
> DEFENDANT'S SENTENCE WAS EXCESSIVE [NOT RAISED BELOW].

Having reviewed the record, we find the arguments without sufficient merit to warrant any extended discussion in a written opinion. See R. 2:11-3(e)(2). We add only the following.

Defendant was sentenced to three years in State prison and community supervision for life in 2003, after he drove to meet a fourteen-year-old girl for sex whom he had been conversing with online, not knowing "the girl" was an FBI agent. He was convicted of violating his community supervision in 2013, three years before his arrest on these charges of having downloaded onto a thumb drive images depicting the sexual exploitation or abuse of a child.

At sentencing, defendant presented a psychological evaluation recently performed by Dr. Witt, recommending against incarceration. In that evaluation, Dr. Witt noted his findings were "mixed." "On the negative side," Dr. Witt found that "despite having experienced significant legal consequences in 2003 and despite being supervised on [community supervision for life], [defendant] has relapsed with regard to downloading child pornography," resulting in a rise in his risk assessment scores since his last evaluation in 2013. "On the positive side," Dr. Witt noted defendant's "therapist, a sex offender treatment expert, indicates that for the first time, [defendant] is taking psychotherapy seriously, showing more openness in treatment, and

demonstrating a high degree of commitment and motivation," which Dr. Witt found evident in his interview with defendant. Defendant's therapist provided a letter attesting to his progress in therapy, asserting a prison term "would destabilize him emotionally and disrupt his ability to support himself and his family."

Judge Curry took both evaluations as well as the entirety of the pre-sentence report, which noted defendant's prior years of therapy, into account in finding aggravating factors three, six and nine, giving "light weight" to mitigating factor eleven, and rejecting defendant's proffer of mitigating factors one, two, four, seven, eight, nine and twelve. In his comprehensive statement imposing sentence, Judge Curry stressed that possession of child pornography is not a "victimless crime" and that defendant could not fail to appreciate the wrongfulness of his conduct.

While pleased to note the progress defendant had made recently in therapy, the judge noted defendant's prior record and that these offenses occurred while defendant continued under community supervision for life, underscoring the risk of further offense and the need to deter. In light of defendant's history, the judge determined he could not find that recent therapy

made it unlikely at this point that defendant would reoffend or would be particularly likely to respond to probationary treatment.

Judge Curry obviously took considerable care in crafting the sentence imposed in this case, weighing each of defendant's arguments. Our review of the sentencing transcript convinces us that the judge's careful findings and balancing of the aggravating and mitigating factors are supported by adequate evidence in the record, and the sentence imposed is neither inconsistent with sentencing provisions of the Code of Criminal Justice nor shocking to the judicial conscience. See State v. Fuentes, 217 N.J. 57, 70-71 (2014); State v. Bieniek, 200 N.J. 601, 608 (2010); State v. Cassady, 198 N.J. 165, 180-81 (2009). Accordingly, we find no basis to disturb the sentence imposed.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3568-17T1