**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1868-20

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JERMY B. PORTILLO,

     Defendant-Appellant.

_____

Argued March 7, 2022 – Decided August 18, 2022

Before Judges Accurso and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 13-09-0805.

Margaret McLane, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Margaret McLane, of counsel and on the briefs).

Catlin A. Davis, Deputy Attorney General, argued the cause for respondent (Matthew J. Platkin, Acting Attorney General, attorney; Catlin A. Davis, of counsel and on the brief).

PER CURIAM

A jury convicted defendant Jermy B. Portillo of two counts of first-degree robbery; one count of second-degree robbery; third-degree receiving stolen property; third-degree possession of a knife for an unlawful purpose; and fourth-degree unlawful possession of the knife in connection with a late-night street robbery committed with five others — one brandishing a machete — of three men in Elizabeth. As we related in our opinion on defendant's direct appeal, the State proved defendant pressed a knife to the ribs of one of the men as he ordered him to empty his pockets, and similarly menaced another, demanding he also hand over his property. State v. Portillo, No. A-0679-16 (App. Div. June 11, 2018) (slip op. at 12). Although also convicted of robbing the third man, defendant did not threaten him with the knife, as he had the man's companions. Ibid.

Following the merger of the weapons and receipt of stolen property convictions, the judge sentenced defendant to the bottom of the range on each of the robbery counts, but ran the sentences consecutively, each subject to the periods of parole ineligibility and supervision required by the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. Portillo, slip op. at 1-2. Defendant was thus sentenced to serve an aggregate twenty-five-year NERA term. Ibid.

A-1868-20

We affirmed defendant's convictions and sentence on direct appeal, satisfied the judge's findings that aggravating factor nine, N.J.S.A. 2C:44-1(a)(9), the need to deter, and mitigating factor seven, N.J.S.A. 2C:44-1(b)(7), no history of delinquency or criminality, were applicable and in equipoise were supported by substantial evidence in the record. Id. at 12. We were also satisfied the judge's articulated reasons for imposing consecutive sentences were consistent with State v. Yarbough, 100 N.J. 627 (1985), noting the judge relied principally on there being three separate victims, two of whom defendant threatened with a knife. Portillo, slip op. at 13. We rejected defendant's reliance on Miller v. Alabama, 567 U.S. 460 (2012) and State v. Zuber, 227 N.J. 422 (2017), because defendant was not a juvenile when he committed the robberies, although he was only eighteen years old at the time. Portillo, slip op. at 14. Mindful of our standard of review, "we discern[ed] no abuse of discretion, departure from sentencing guidelines, or sentence that shocks the judicial conscience and warrants correction." Id. at 14-15.

The Supreme Court denied defendant's petition for certification. State v. Portillo, 236 N.J. 230 (2018). Defendant moved for reconsideration. While defendant's motion remained pending, the Court on August 7, 2019, sua sponte remanded the case to the Law Division "for resentencing to consider the

A-1868-20

fairness of the overall sentence" in light of State v. Cuff, 239 N.J. 321 (2019) (remanding for resentencing to allow the trial court to consider whether offenses committed within the same criminal episode warrant consecutive sentences and whether making the sentences consecutive was consistent with the mandate that the judge consider the overall fairness of the aggregate sentence) and State v. Liepe, 239 N.J. 359 (2019) (reinstating consecutive sentences imposed by the trial court in a drunk driving case that killed one child, paralyzed another and severely injured another driver), both of which the Court had issued the previous day.

On the resentencing, counsel presented the court with an extensive sentencing memo, arguing "[i]n light of the guidance provided in both Cuff and Liepe," the court needed to "reconsider the fundamental fairness" of defendant's "aggregate sentence, with the recognition that the existence of multiple victims does not, on its own, create a presumption for the consecutive sentences" defendant received. Counsel argued that because all of the offenses of which defendant was convicted were part of a single criminal episode, concurrent, not consecutive, sentences were required.

Defendant also presented the trial judge with the report of a developmental psychologist who opined that young adults between the ages of

A-1868-20

eighteen and twenty "are more like individuals in early and middle adolescence in their behavior, psychological functioning, and brain development." Defendant maintained that "[m]any of the same immaturities that characterize the brains of individuals younger than 18, and that have been found to mitigate their criminal culpability, are characteristic of the brains of individuals from 18 through at least age 20" and it is thus "inappropriate to assign the same degree of culpability to criminal acts committed at this age to that which would be assigned to the behavior of a fully mature and responsible adult."

Defense counsel argued it was "critical" the court consider defendant's youth and efforts at rehabilitation when considering the overall fairness of the sentence as directed by the Court. Emphasizing defendant was now ten years older than when he committed his crimes, no longer a senior in high school, but a twenty-seven-year-old man, who had completed his GED, was well on his way to completing his associates degree, had acquired marketable skills in prison as an electrician and a plumber and was a devoted father to his six-year-old daughter.

In making a broad policy argument, defense counsel insisted the judge analyze the statutory "aggravating and mitigating factors in light of the

5

characteristics inherent to young adults," arguing mitigating factor two, N.J.S.A. 2C:44-1(b)(2), that the defendant did not contemplate his conduct would cause or threaten serious harm, "should be given substantial weight when sentencing a young adult;" as should mitigating factor four, N.J.S.A. 2C:44-1(b)(4), substantial grounds tending to excuse or justify the defendant's conduct, although failing to establish a defense; mitigating factor eight, N.J.S.A. 2C:44-1(b)(8), that the defendant's conduct was the result of circumstances not likely to reoccur; mitigating factor nine, N.J.S.A. 2C:44-1(b)(9), that the defendant's character and attitude indicate he is unlikely to commit another offense; and aggravating factor nine, N.J.S.A. 2C:44-1(a)(9), the need to deter, among others.

Looking at this defendant with an eye to his young age when he committed these crimes, defense counsel argued mitigating factor one, N.J.S.A. 2C:44-1(b)(1), applied because defendant's conduct did not cause serious harm; mitigating factor two applied because defendant did not contemplate his conduct would cause harm; mitigating factor four applied because defendant was influenced by his peers; mitigating factor seven, N.J.S.A. 2C:44-1(b)(7), still applied because defendant had no prior criminal record; mitigating factor eight applied because defendant had matured;

6

mitigating factor nine applied because defendant's character, demonstrated by his significant efforts to get an education, acquire marketable skills and pay attention to his emotional and psychological development in prison, indicated he is unlikely to reoffend; and mitigating factor eleven, N.J.S.A. 2C:44-1(b)(11), that imprisonment would entail excessive hardship to defendant or his dependents applied because defendant's family and his relationship with his six-year-old daughter "is irrevocably damaged" by his incarceration. Defense counsel also argued that defendant "[a]s a fully mature adult . . . is now able to appreciate the consequences of his actions and is much less likely to engage in risky behavior," making the need for specific deterrence no longer applicable such that aggravating factor nine no longer applied. Defense counsel argued in view of the several strong mitigating factors and absence of any aggravating ones, the court should downgrade the sentence on the two first-degree robbery convictions to second-degree offenses, and that "[a]ny sentence greater than the minimum of five-years NERA is excessive."

In a thorough and thoughtful reconsideration of defendant's sentence, the judge acknowledged defendant's increased maturity, his efforts in prison and a newly realized remorse missing from when he was first sentenced. The judge separately considered each mitigating factor urged by defendant, rejecting all

7

but mitigating factor seven. The judge rejected mitigating factors one and two, emphasizing that defendant threatened two of the victims with a knife. He rejected mitigating factor four, finding defendant's youth was not a substantial justification for his crimes. Although acknowledging the positive steps defendant had taken since he'd been imprisoned, the judge determined they did not support finding mitigating factors eight and nine. The judge rejected mitigating factor eleven, finding the hardship experienced by defendant and his family by his incarceration was not different from that suffered by others sentenced to prison. The judge found aggravating factor nine was still appropriate based on the need for individual deterrence and that it remained "in balance" with mitigating factor seven.

Re-analyzing the Yarbough factors in light of the Court's re-examination of Yarbough in Cuff and Liepe, the judge determined he had previously given "too much weight" to there having been three separate victims. Looking at what defendant had accomplished in prison, "listening to where he's come to from where he's been," comparing defendant's thinking process to what it was when he was first sentenced, "and looking at that in contrast with these [new] cases," led the judge to conclude the sentences on the robbery counts should run concurrently not consecutively. Accordingly, the judge determined

8

defendant's aggregate sentence would be a ten-year NERA term, with a period

of eight years, six months and two days' parole ineligibility.

Following defendant's resentencing, the Court, after considering the

parties' briefs, denied defendant's motion for reconsideration of the order

denying the petition for certification as well as his motion for oral argument

and permitted defendant to challenge his sentence on remand in this court.

This appeal followed.

Defendant raises the following issue for our consideration.

> THE SENTENCING COURT'S FAILURE TO
> CONSIDER DEFENDANT'S YOUTH AT THE TIME
> OF THE OFFENSE AND HIS REHABILITATION
> OVER THE LAST TEN YEARS REQUIRES A
> REMAND FOR RESENTENCING.
>
> A.  Introduction.
>
> B.  Trial Courts Must Consider How Youth Affects
> All Relevant Aggravating And Mitigating Factors.
>
>> 1.  Young-Adult Defendants Tend To Be Less
>> Able To Adequately Contemplate The Potential
>> Harm Of Their Conduct.
>>
>> 2.  A Young Defendant's Relative Difficulty In
>> Assessing Consequences And Controlling
>> Behavior Are Relevant To Whether There Are
>> Substantial Grounds Tending To Excuse A
>> Defendant's Conduct.

A-1868-20

3.  A Young Adult's Criminal History Should Be Given Relatively Less Weight Because Of Young Defendants' Lesser Culpability And Capacity For Reform.

4.  Young Adults Are Less Susceptible To Deterrence.

5.  Young Adults Have A Greater Capacity For Rehabilitation And A Lessened Risk Of Recidivism.

C.  Without Additional Guidance From This Court, Sentencing Courts Will Continue, As The Court Did Here, To Ignore The Effects Of Youth On The Applicable Aggravating And Mitigating Factors.

In his reply brief, he restates the issue as follows.

POINT I

THE SENTENCING COURT'S FAILURE TO CONSIDER DEFENDANT'S YOUTH AT THE TIME OF THE OFFENSE AND HIS REHABILITATION OVER THE LAST TEN YEARS REQUIRES A REMAND FOR RESENTENCING.

A.  THIS SHOULD HAVE BEEN A FULL RESENTENCING.

B.  JERMY'S YOUTH IS RELEVANT AND WAS NOT ADEQUATELY CONSIDERED.

Having reviewed the record, we reject those arguments as without sufficient merit to warrant any extended discussion in a written opinion.  R. 2:11-3(e)(2).  We agree with defendant that the Court's order "for resentencing

10

to consider the fairness of the overall sentence" in light of the Court's opinions in Cuff and Liepe demanded a full resentencing.  See State v. Randolph, 210 N.J. 330, 354 (2012) ("when 'reconsideration' of sentence or 'resentencing' is ordered after appeal, the trial court should view defendant as he stands before the court on that day unless the remand order specifies a different and more limited resentencing proceeding"); State v. Bellamy, 468 N.J. Super. 29, 39 (App. Div. 2021) ("[w]hen an appellate court orders a resentencing, a defendant is ordinarily entitled to a full rehearing").  But we are also satisfied a full resentencing hearing is precisely what defendant got.

The trial judge obviously took the Supreme Court's order that he reconsider the overall fairness of defendant's sentence in light of Cuff and Liepe to heart, not viewing it as a veiled directive to merely reduce the sentence, which it obviously was not, but as an opportunity to undertake a new analysis of defendant and his crimes as he stood before the court on resentencing.  Re-analyzing the aggravating and mitigating factors in light of defendant's arguments, and re-thinking the Yarbough factors, including consideration of the overall fairness of the sentence without a reflexive presumption that multiple victims require consecutive sentences, the judge thoughtfully concluded that sentences at the bottom of the range, running

11

concurrently was a fair aggregate sentence for defendant's crimes. That change reduced defendant's overall sentence by fifteen years and reduced his parole ineligibility term by twelve years and nine months.

Because defendant was of the age of majority when he committed his crimes, he was not entitled to the special considerations afforded juveniles. See State v. Comer, 249 N.J. 359, 384-85 (2022). We also reject defendant's argument that the court was obliged to analyze the statutory "aggravating and mitigating factors in light of the characteristics inherent to young adults," as inconsistent with the Code of Criminal Justice. On October 19, 2020, after defendant's resentencing, the Legislature amended N.J.S.A. 2C:44-1 to add new mitigating factor fourteen, precisely tracking the New Jersey Criminal Sentencing and Disposition Commission's recommendation to allow a judge to consider as a mitigating factor that "[t]he defendant was under 26 years of age at the time of the commission of the offense." N.J.S.A. 2C:44-1(b)(14); State v. Lane, 251 N.J. 84, 92-93 (2022). Accordingly, the Legislature has dictated how a defendant's age is to affect his sentence, that is by adding a mitigating factor, not analyzing existing statutory factors differently. Because defendant was resentenced after the amendment's effective date, it was not applicable to him. Id. at 96-97.

Because we are satisfied the judge's findings and balancing of the aggravating and mitigating factors are supported by adequate evidence in the record, and the sentence is neither inconsistent with sentencing provisions of the Code nor shocking to the judicial conscience, we affirm.  See State v. Fuentes, 217 N.J. 57, 70 (2014); State v. Bieniek, 200 N.J. 601, 608 (2010); State v. Cassady, 198 N.J. 165, 180-81 (2009).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

13

A-1868-20