**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4678-15T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

HANIF HOPSON,

    Defendant-Appellant.

_____

<div style="margin-left:2em">

Argued September 19, 2017 — Decided October 3, 2017

Before Judges Fasciale and Moynihan.

On appeal from Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 16-03-0421.

Michael Confusione argued the cause for appellant (Hegge & Confusione, LLC, attorneys; Mr. Confusione, of counsel and on the brief).

Erin M. Campbell, Assistant Prosecutor, argued the cause for respondent (Esther Suarez, Hudson County Prosecutor, attorney; Ms. Campbell, on the brief).

Appellant filed a pro se supplemental brief.

</div>

PER CURIAM

    Defendant appeals from his conviction for second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7(b). After

dismissal of all other counts, the State properly proceeded to trial solely on the certain persons charge. We reject defendant's contentions that the assistant prosecutor committed prosecutorial misconduct; the judge erroneously allowed into evidence testimony showing defendant fled from the scene and the police had known him from prior encounters; and the judge erred by denying his motion for acquittal and by imposing an excessive sentence. We affirm.

The police responded to a call reporting that a group of males, one possibly with a gun, was outside. Officer Steven Gerges noticed defendant began to run as soon as he arrived at the scene and exited his police vehicle. As the officer pursued defendant on foot, he observed defendant fidgeting as if something had been falling down his pant leg. Officer Gerges then heard a metal object strike the ground. The officer noticed defendant kneel down, retrieve the object, and place it by his right ankle. Officer Angelo Soler responded to the dispatch call and watched defendant toss what appeared to be a handgun over a gate. The police apprehended defendant and located a loaded gun on nearby property.

A grand jury indicted and charged defendant with second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a); fourth-degree resisting arrest, N.J.S.A.

2C:29-2(a); third-degree receiving stolen property, <u>N.J.S.A.</u> 2C:20-7; and second-degree certain persons not to have weapons, <u>N.J.S.A.</u> 2C:39-7(b)(1). Immediately before the trial began, the judge granted the State's motion to dismiss the first four charges, and a jury found defendant guilty on the remaining certain persons charge. The judge sentenced defendant to an extended fifteen-year prison term, pursuant to <u>N.J.S.A.</u> 2C:43-7(a)(3).

On appeal, defendant raises the following arguments:

> POINT I
> THE COURT SHOULD REVERSE AND REMAND FOR A NEW TRIAL BECAUSE OF THE PROSECUTOR'S ELEVENTH-HOUR DISMISSAL OF THE OTHER CHARGES TO BE TRIED, WHICH ALLOWED THE PROSECUTOR TO SUDDENLY INTRODUCE BEFORE THE JURY THE FACT THAT DEFENDANT WAS A "PREDICATE FELON," THE INTRODUCTION OF "OTHER CRIMES OR WRONGS" EVIDENCE AGAINST DEFENDANT THAT WAS NOT AT ISSUE BEFORE THE JURY BELOW, AND THE ALLOWANCE OF TESTIMONY AT TRIAL TELLING THE JURY THAT TESTIFYING POLICE OFFICERS HAD HAD "PREVIOUS ENCOUNTERS" AND "OTHER INCIDENTS" WITH DEFENDANT BEFORE THE INCIDENT IN QUESTION.
>
> POINT II
> THE PROSECUTOR WENT BEYOND FAIR COMMENT ON THE EVIDENCE AND DEPRIVED DEFENDANT OF A FAIR JURY TRIAL BY TELLING THE JURY THAT IN ORDER TO FIND THE DEFENDANT NOT GUILTY THEY WOULD HAVE TO FIND THAT ALL THE POLICE OFFICERS ENGAGED IN A CONSPIRACY TO LIE.
>
> POINT III
> THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION FOR ACQUITTAL.
>
> POINT IV

DEFENDANT'S SENTENCE IS IMPROPER AND EXCESSIVE.

We begin by addressing defendant's contentions raised in Point I. Defendant argues primarily that the late dismissal of the first four charges enabled the State to introduce evidence showing (1) he was a predicate felon; (2) he engaged in other "crimes and wrongs" in violation of N.J.R.E. 404(b); and (3) the police had "previous encounters" and "other incidents" with defendant.

At the outset, we note that it is not inherently improper for the State to seek a dismissal of the first four counts of the indictment and proceed solely on the remaining certain persons charge. After all, the State could have simply indicted and tried defendant only on the certain persons charge right from the beginning. Had the State not dismissed the first four charges, then defendant would have been entitled to a bifurcated trial. See State v. Ragland, 105 N.J. 189 (1986). But here, there was only one charge necessitating one trial. That said, we conclude defendant's arguments in Point I are "without sufficient merit to warrant discussion in a written opinion[.]" R. 2:11-3(e)(2). We add the following brief remarks.

The parties stipulated that defendant had a predicate offense conviction, and that the weapon retrieved by the police was a

firearm. The main issue during the trial was whether defendant purchased, owned, possessed or controlled the .40 caliber Smith and Wesson semi-automatic handgun that the police had located near where they apprehended him. On that point, defendant argues the judge erred by admitting into evidence testimony showing that the police knew him from previous encounters, and that defendant fled after the police arrived at the scene. These assertions pertain to evidentiary rulings.

We accord "substantial deference to a trial court's evidentiary rulings." State v. Morton, 155 N.J. 383, 453 (1998), cert. denied, 532 U.S. 931, 121 S. Ct. 1380, 149 L. Ed. 2d 306 (2001). "[T]he decision of the trial court must stand unless it can be shown that the trial court palpably abused its discretion, that is, that its finding was so wide of the mark that a manifest denial of justice resulted." State v. Carter, 91 N.J. 86, 106 (1982). Here, there was no error.

Evidence of flight showed consciousness of defendant's guilt that he purchased, owned, possessed or controlled the handgun knowing that he was a certain person not permitted to do so. Although an officer, who was present at the scene, testified that she used defendant's name on the police radio because she had recognized him from previous encounters in the neighborhood, the witness did not elaborate about the nature of those encounters.

Rather, defense counsel cross-examined the officer extensively as to how she had known him.

Next, defendant argues that the prosecutor made improper summation comments that deprived him of a fair trial. While prosecutors are entitled to zealously argue the merits of the State's case, State v. Smith, 212 N.J. 365, 403 (2012), cert. denied, 568 U.S. 1217, 133 S. Ct. 1504, 185 L. Ed. 2d 558 (2013), they occupy a special position in our system of criminal justice. State v. Daniels, 182 N.J. 80, 96 (2004). "[A] prosecutor must refrain from improper methods that result in a wrongful conviction, and is obligated to use legitimate means to bring about a just conviction." Ibid. (quoting State v. Smith, 167 N.J. 158, 177 (2001)).

In considering this argument as to the comments by the assistant prosecutor, we examine whether defense counsel made a timely objection, whether the assistant prosecutor withdrew the remarks, or whether the judge acted promptly and provided appropriate instructions. Smith, supra, 212 N.J. at 403. A prosecutor may vigorously rebut specific arguments made by defense counsel. State v. R.B., 183 N.J. 308, 329-32 (2005).

"Our task is to consider the fair import of the State's summation in its entirety." State v. Jackson, 211 N.J. 394, 409 (2012) (citation and internal quotation marks omitted). "Whether

6

particular prosecutorial efforts can be tolerated as vigorous advocacy or must be condemned as misconduct is often a difficult determination to make. In every instance, the performance must be evaluated in the context of the entire trial. . . ." State v. Negron, 355 N.J. Super. 556, 576 (App. Div. 2002). Even if the prosecutor exceeds the bounds of proper conduct, "[a] finding of prosecutorial misconduct does not end a reviewing court's inquiry because, in order to justify reversal, the misconduct must have been 'so egregious that it deprived the defendant of a fair trial.'" Smith, supra, 167 N.J. at 181 (quoting State v. Frost, 158 N.J. 76, 83 (1999)). Such is not the case here.

The assistant prosecutor's remarks pertained to defense counsel's comments during his summation that Officer Soler lied about the location from where the police located the gun. The assistant prosecutor stated:

> For you to believe that the defendant did not possess the handgun on that night, you'd not only have to find that all three of these officers were unsure about what they saw and heard and said that night[,] but you'd have to find a number of other things. You'd have to find either that the officers . . . had this gun lying around and decided they were going to plant it on somebody that night, those three officers[,] who have less than a year on the job, you'd have to find that by sheer coincidence they happen to find a gun in the backyard right next to where the defendant was apprehended.

> For you to believe that the defendant did not possess the handgun on that night, you'd not only have to find that all three of these officers were unsure about what they saw and heard that night and said that night, . . .

> . . . .

> but you'd have to find that they were able to come up with this elaborate scheme and somehow be able to do it without any of it making its way onto these recordings.

Defense counsel objected to the comments, and after a colloquy with counsel, the judge gave a strong curative instruction, which the judge reiterated in the final jury instructions. The judge stated:

> During [the] summations . . . you heard the [assistant prosecutor] say that you would have to believe that there was a conspiracy in order to find the defendant did not possess the firearm. No. You don't have to find any conspiracies to find he possessed the firearm or not. I am going to instruct you on the law. Okay.

> You're going to make certain findings of fact based on the evidence that you heard in this courtroom. Conspiracy . . . plays no role in your function. . . [t]here's no charge of conspiracy. There's nothing you have to find because this side of the table . . . they don't have to prove anything during the course of the trial. They don't have to prove anything during the course of this trial. The burden of proof remains on the State on this side of the table and that never shifts. So in terms of what you heard about conspiracy, I'm going to ask you to just disregard anything you heard. . . . [Y]ou're only to

make findings as I am going to instruct you
now to the facts as you find them to be.

We presume the jury understood and followed those instructions. <u>Smith</u>, <u>supra</u>, 212 <u>N.J.</u> at 409.

We reject defendant's contention that the judge erred by denying his acquittal motion. We review the judge's denial of defendant's motion for judgment of acquittal de novo, <u>State v. Dekowski</u>, 218 <u>N.J.</u> 596, 608 (2014), and conduct an independent assessment of the evidence, applying the same standard as the trial court. <u>State v. Williams</u>, 218 <u>N.J.</u> 576, 593-94 (2014). <u>Rule</u> 3:18-1 governs a motion for judgment of acquittal, stating in pertinent part that

> [a]t the close of the State's case or after the evidence of all parties has been closed, the court shall, on defendant's motion or its own initiative, order the entry of a judgment of acquittal of one or more offenses charged in the indictment or accusation if the evidence is insufficient to warrant a conviction.

Here, there was ample evidence in the record to convict defendant. Defendant stipulated to the operability of the handgun and that he had a predicate offense conviction. Defendant fled the scene; one officer knew him; defendant was fidgeting during the foot chase; one officer saw defendant holding something as it fell down defendant's pants, and heard a metal object fall to the ground and

watched defendant pick it up; and the police recovered the gun in the area where defendant discarded it.

We reject defendant's contention that the judge imposed an improper and excessive sentence. We conclude defendant's sentencing argument lacks sufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(2). We add these brief remarks.

The decision to sentence a defendant within the extended term range "remains in the sound judgment of the [sentencing] court" subject to review under "an abuse of discretion standard." State v. Pierce, 188 N.J. 155, 169 (2006). Defendant qualified as a persistent offender pursuant to N.J.S.A. 2C:44-3(a), and faced prison time between five and twenty years. This is defendant's ninth indictable conviction.

In imposing the sentence, the judge remarked that defendant carried a loaded gun through a residential neighborhood shortly after serving prison time for the same offense. The judge's findings of aggravating factors three, six, and nine outweighing the non-existing mitigating factors are supported by adequate evidence in the record. The sentence is neither inconsistent with sentencing provisions of the Code of Criminal Justice nor shocking to the judicial conscience. See State v. Bieniek, 200 N.J. 601, 608 (2010).

Finally, defendant filed a pro se supplemental letter brief. We conclude that defendant's arguments contained in that brief are "without sufficient merit to warrant discussion in a written opinion[.]" R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION