**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0210-15T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

GABRIEL C. BARNES,

    Defendant-Appellant.

_____

Submitted September 27, 2017 — Decided November 1, 2017

Before Judges Alvarez and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 13-01-0178.

Ferro and Ferro, attorneys for appellant (Nancy C. Ferro, on the briefs).

Robert D. Laurino, Acting Essex County Prosecutor, attorney for respondent (Kayla E. Rowe, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Gabriel C. Barnes appeals from his conviction following a jury trial and the subsequent denial of his motion for

new trial, arguing that the prosecutor made improper comments in both his opening statement and closing argument. Defendant also contests a pre-trial ruling and the sentence. After a review of these contentions in light of the record and applicable legal principles, we affirm.

Defendant was charged in the indictment with second-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2, N.J.S.A. 2C:15-1(b); four counts of first-degree armed robbery, N.J.S.A. 2C:15-1; second-degree unlicensed possession of a firearm, N.J.S.A. 2C:39-5(b); second-degree unlicensed possession of a firearm with purpose to use it unlawfully against the person or property of another, N.J.S.A. 2C:39-4(a); fourth-degree conspiracy to commit false swearing, N.J.S.A. 2C:5-2, N.J.S.A. 2C:28-2; and fourth-degree making a false statement under oath or equivalent affirmation, N.J.S.A. 2C:28-2.

Prior to trial, defendant filed a motion challenging the photo array procedure and seeking a Wade hearing.[1] After hearing oral argument and listening to the audiotape of the identification procedure, the judge denied the motion. A jury convicted defendant on all counts except the fourth-degree making a false statement

---

[1] U.S. v. Wade, 388 U.S. 218, 87 S. Ct. 1926, 18 L. Ed. 2d 1149 (1967).

under oath. A motion for new trial was denied on June 8, 2015, and defendant was sentenced to an aggregate prison term of eighteen years, with the requisite period of parole ineligibility.

At trial, the State presented several witnesses who testified that defendant and another man robbed them at gunpoint. Defendant also struck one of the witnesses several times in the head with the gun, which caused the magazine clip to fall out of the gun onto the ground. Defendant and the other man ran from the scene. They returned later in a pickup truck, lost control of the truck, hit a house, and again ran away.

The police found the magazine clip at the scene, and located the gun on the floor of the truck. Their investigation further revealed that defendant had reported the pickup truck had been carjacked and that the owner of the vehicle was defendant's uncle. After learning that a carjacking had not occurred, and because of the truck's connection to the robbery, the police placed defendant's photo into the array presented to the victims of the robbery. Several victims identified defendant's photo as the man who had robbed them at gunpoint.

In his opening statement to the jury, in referring to defendant returning to the scene of the robbery, the prosecutor made the following remarks:

> Now, as the judge instructed, the defendant is under no obligation to testify in this case. He's under no obligation to provide any evidence. So we might never know why he came back. But the State submits that it will offer adequate evidence for you to make the reasonable inference that he came back for that magazine.
>
> He wanted to clear any link to his culpability. He knew what he had done and knew what he had left, so he came back to get it.

Defense counsel did not immediately object but instead posited an objection at the close of the opening statements, stating that the prosecutor impermissibly commented on defendant's right not to testify. The judge agreed and advised that he would instruct the jury that defendant had the right to remain silent throughout the trial, and they should not draw any adverse inferences from the assertion of that right.

In closing arguments, the prosecutor commented:

> For some reason, [on] August 26, 2012 [the police officers] woke up and they said we're nailing Gabriel Barnes and . . . Detective James[2] . . . decided to go along and he said I'm going to manipulate this photo array for all my years[,] 12, 13[,] years as a detective in the Major Crimes Bureau.

---

[2] Detective Lydell James testified as one of the investigating police officers on this case.

Defense counsel objected to this testimony, asserting that it was an impermissible argument to vouch for a police officer's credibility. The trial judge overruled the objection, stating that the prosecutor was commenting on the credibility of the witnesses in response to defense counsel's comments in summation that the testimony of James and the other officers was not believable. The prosecutor continued,

> Detective James is going to wake up and frame this guy right here, Gabriel Barnes, never seen him before. That's what he did. August 26 [James] got some imaginary phone call [that] said hey guys, it's time to frame Gabriel Barnes and that's what he did. . . . That's what defense counsel told you.

Following the jury's verdict, defendant moved for a new trial, arguing that the verdict was against the weight of the evidence, that the prosecutor had improperly vouched for the credibility of a witness, and violated defendant's Fifth Amendment right to remain silent by discussing his failure to testify. In a June 8, 2015 written decision, the trial judge denied the motion.

In his determination, the judge noted that in light of the "ample" physical evidence and testimony from witnesses, it was "reasonable for the jury to reach the verdict that it did and to convict the defendant." The trial judge found that the verdict was not against the weight of the evidence.

The trial judge also concluded that the prosecutor's comments in opening and closing were not improper. Regarding the prosecutor's statements on defendant's silence, the judge found that

> [t]he prosecutor was not inviting the jury to draw an adverse inference from the defendant's failure to testify; rather, he was hypothesizing as to why the defendant returned to the scene of the crime. . . . Therefore, the prosecutor's comments only went to support his theory that the defendant returned to the scene of the crime to retrieve the magazine that was left during the commission of the crime.

Furthermore, because he had instructed the jury on defendant's right to remain silent, the judge determined that defendant was not deprived of his Fifth Amendment privilege.

The judge also found that the prosecutor's statements regarding Detective James's credibility were not improper. He stated that the prosecutor "was merely trying to boost Detective James's credibility to counter the defense's argument of suggestiveness in the photo array[,]" and was not vouching for the detective's credibility.

On appeal, defendant raises the following arguments:

> POINT ONE: THE TRIAL COURT ERRED IN DENYING THE MOTION FOR A NEW TRIAL.
>
> A. The court erred in finding that the prosecutor did not impermissibly infringe on

6                                                      A-0210-15T1

defendant's Fifth Amendment privilege against self-incrimination in the opening statement

B. The court erred in finding that the State did not commit misconduct by improperly vouching for the credibility of Detective Lydell James

C. The court erred in ruling that the verdict was not against the weight of the evidence

POINT TWO: THE COURT ERRED IN FINDING THAT THE PHOTO ARRAY WAS PROPERLY CONDUCTED AND MET THE WADE STANDARDS AND DENIED THE REQUEST FOR A WADE HEARING.

POINT THREE: THE IMPOSITION OF THE AGGREGATE CUSTODIAL TERM OF EIGHTEEN YEARS SUBJECT TO THE NERA PAROLE INELIGIBILITY PERIOD WAS MANIFESTLY EXCESSIVE AND A MISAPPLICATION OF JUDICIAL SENTENCING DISCRETION.

We review a trial court's decision to deny a motion for a new trial for an abuse of discretion, State v. Russo, 333 N.J. Super. 119, 137 (App. Div. 2000), and will not reverse the decision "unless it clearly appears that there was a miscarriage of justice under the law." State v. Afanador, 134 N.J. 162, 178 (1993) (quoting R. 2:10-1).

Defendant asserts that the prosecutor improperly made statements in both his opening and closing remarks that constitute prosecutorial misconduct. When reviewing a prosecutor's statements, an appellate court must evaluate "'the severity of the

misconduct and its prejudicial effect on the defendant's right to a fair trial' and conclude that 'prosecutorial misconduct is not grounds for reversal of a criminal conviction unless the conduct was so egregious as to deprive defendant of a fair trial.'" State v. Wakefield, 190 N.J. 397, 437 (2007) (citation omitted) (quoting State v. Papasavvas, 163 N.J. 565, 625 (2000)), cert. denied, 552 U.S. 1146, 128 S. Ct. 1074, 169 L. Ed. 2d 817 (2008).

It is a fundamental principle of our criminal justice system that "[a]n accused has the right to remain silent and no negative inference can be drawn against him or her for maintaining that silence." State v. Scherzer, 301 N.J. Super. 363, 435-36 (App. Div.), certif. denied, 151 N.J. 466 (1997). The State may not comment to the jury about defendant's silence. Id. at 436. We are satisfied that the prosecutor did not violate that principle.

In his opening statement, the prosecutor outlined the evidence the State expected to present to support the charges. After describing the events surrounding the robbery and defendant's departure from the scene, the prosecutor told the jury that defendant returned to the area five to ten minutes later. The prosecutor reiterated the instruction already issued by the judge that the defendant was under no obligation to either provide any evidence or testify. He continued, "[s]o we might never know why [defendant] came back."

The prosecutor's next sentence informed the jury that the State would provide sufficient evidence for them to infer that defendant came back for the magazine that had fallen onto the ground. Although the comments, standing on their own, could be construed as defendant argues, when read in the context of the preceding and succeeding sentences, they are harmless. The State was merely outlining its version of the events and defendant's actions, and advising that it would be presenting the necessary evidence from which the jury could draw inferences.

Defendant argues that these comments are similar to those found to be egregious enough to require a new trial in State v. Pickles, 46 N.J. 542, 566-68 (1966), and State v. Black, 380 N.J. Super. 581, 594-95 (App. Div. 2005), certif. denied, 186 N.J. 244 (2006). We disagree. Here, the prosecutor neither implied that defendant was withholding crucial information about the case, nor put defendant in a position where he would have to testify to counteract an adverse inference about his silence. When the comments are viewed in the context of the prosecutor's argument, the trial judge did not abuse his discretion in denying a new trial on those grounds.

Prosecutors are generally afforded "considerable leeway" in their closing arguments. State v. Smith, 167 N.J. 158, 177 (2001). However, a prosecutor cannot offer his or her personal opinion as

to the veracity of any testimony. State v. Michaels, 264 N.J. Super. 579, 640 (App. Div. 1993), aff'd, 136 N.J. 299 (1994). Opinions regarding the credibility of law enforcement officers are assessed "very carefully." State v. Hawk, 327 N.J. Super. 276, 285 (App. Div. 2000) (citing State v. Staples, 263 N.J. Super. 602, 605 (App. Div. 1993)). A prosecutor may not "imply that police testimony should be accepted, 'not because of its believability but because the witnesses were policemen.'" Staples, supra, 263 N.J. Super. at 606 (quoting State v. Jones, 104 N.J. Super. 57, 65 (App. Div. 1968), certif. denied, 53 N.J. 354 (1969)).

Defendant asserts that the prosecutor violated this tenet in stating: "[Detective James] said I'm going to manipulate this photo array for all my years[,] 12, 13[,] years as a detective in the Major Crimes Bureau." After defendant's objection and a sidebar conference, the prosecutor clarified his statement, stating, on "August 26th [James] got some imaginary phone call [that] said hey guys, it's time to frame Gabriel Barnes and that's what he did. . . . We want to talk about facts. What fact is there about that?"

The prosecutor did not state to the jury that the detective would be risking his career or face serious charges if he conducted himself as defense counsel intimated in his summation. See State

10

v. Frost, 158 N.J. 76, 85-86 (1999) (stating that it was "egregious" to suggest that police officers would not lie because of the "magnitude" of charges that could be brought against them). We are satisfied that the prosecutor was reacting to and countering defense counsel's closing comments on the detective's credibility, and asserting that the evidence did not support defendant's argument. Therefore, the prosecutor's comments were not "so egregious that [they] deprived defendant of the right to a fair trial." State v. Gorthy, 226 N.J. 516, 540 (2016) (quoting State v. Josephs, 174 N.J. 44, 124 (2002)).

We are also satisfied that the verdict was not against the weight of the evidence. We must respect the jury's verdict unless no reasonable jury could have reached it. Afanador, supra, 134 N.J. at 178. "Where the jury's verdict was grounded on its assessment of witness credibility, a reviewing court may not intercede, absent clear evidence on the face of the record that the jury was mistaken or prejudiced." State v. Smith, 262 N.J. Super. 487, 512 (App. Div.) (citing State v. Haines, 20 N.J. 438, 446-47 (1956)), certif. denied, 134 N.J. 476 (1993).

Here, four witnesses testified that two men robbed them and that one of the men carried a handgun. Three of these witnesses signed sworn statements that they identified defendant in a photo array as the man who was carrying the gun when they were robbed.

As the determination of a witness credibility is entirely at the discretion of the jury, ibid., there was more than sufficient evidence for a jury to reasonably find defendant guilty of these crimes. Therefore, the verdict is not against the weight of the evidence. Afanador, supra, 134 N.J. at 178.

We turn to defendant's argument that the court erred in denying its motion for a Wade hearing to determine the admissibility of a witness's identification of defendant. In making that determination, a court must first "decide whether the procedure in question was in fact impermissibly suggestive." State v. Madison, 109 N.J. 223, 232 (1988). The court then must "focus on the reliability of the identification." Ibid. If the identification is "reliable despite the impermissibly suggestive nature of the procedure, the identification may be admitted into evidence." Ibid. The totality of the circumstances should be considered in determining the reliability. Id. at 233.

A court only needs to conduct a Wade hearing if "defendant offers some evidence of suggestiveness." State v. Henderson, 208 N.J. 208, 290 (2011). The court has discretion not to conduct the hearing if it concludes that "defendant's initial claim of suggestiveness is baseless." Id. at 290-91.

Defendant claims that a "tapping sound" heard on the recording of the photo array procedure indicated that police were telling

the witnesses which photo to choose. The trial judge listened to the recording and found that, based on the timing of the tapping sound, it was apparent that the sound came from the witnesses tapping the photo array, not the police. According to the judge, the tapping occurred almost simultaneously with the witnesses claiming "that's him, that's him." The court found that there was nothing to indicate that the photo array procedure was "impermissibly suggestive." Therefore, the trial judge did not err in exercising his discretion not to hold a Wade hearing.

In his final point, defendant contends, without elaboration, that the imposed sentence was excessive. We disagree. The judge's findings and balancing of the aggravating and mitigating factors are supported by adequate evidence in the record, and the sentence is neither inconsistent with sentencing provisions of the Code of Criminal Justice nor shocking to the judicial conscience. See State v. Bieniek, 200 N.J. 601, 608 (2010); State v. Cassidy, 198 N.J. 165, 180-81 (2009).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION