**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0220-18T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DUTQUAN WILSON, a/k/a
DUTGUAN WILSON, and
DUTOGUAN WILSON,

     Defendant-Appellant.

_____

Submitted October 28, 2019 – Decided January 16, 2020

Before Judges Sumners and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 13-02-0610.

Joseph E. Krakora, Public Defender, attorney for appellant (Andrew P. Slowinski, Designated Counsel, on the brief).

Jill S. Mayer, Acting Camden County Prosecutor, attorney for respondent (Linda Anne Shashoua, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Dutquan Wilson appeals from a Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Before us, he presents the following arguments:

POINT I

THE PCR COURT SHOULD HAVE HELD THAT DEFENDANT WAS ENTITLED TO RELIEF FOR VIOLATION OF HIS RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL UNDER THE STANDARDS GOVERNING PETITIONS FOR POST-CONVICTION RELIEF. (U.S. CONST. AMEND. VI; N.J. CONST. ART. I, [PARA.] 10).

(a) Legal Standards Governing Applications for Post-Conviction Relief.

(b) Defense Counsel's Failure to Retain a Ballistics Expert Met the First Prong of the Strickland/Fritz test.

(c) Defense Counsel's Failure to Retain a Ballistics Expert Met the Second Prong of the Strickland/Fritz test.

POINT II

THE PCR COURT ERRED BY REFUSING TO ALLOW DEFENDANT TO OBTAIN DISCOVERY OF THE STATE'S BALLISTICS FILE AFTER DEFENDANT'S BALLISTICS EXPERT CONCLUDED IN HIS REPORT THAT ADDITIONAL REVIEW OF THE STATE'S FILE WAS NECESSARY TO COMPLETE HIS INVESTIGATION.

2

POINT III

THE PCR COURT ERRED BY REFUSING TO ALLOW AN EVIDENTIARY HEARING ON DEFENDANT'S PETITION AFTER DEFENDANT PRESENTED EVIDENCE SUFFICIENT TO ESTABLISH A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE.

POINT IV

THE PCR COURT SHOULD HAVE HELD THAT DEFENDANT WAS DENIED THE RIGHT TO EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL (U.S. CONST. AMEND. VI; N.J. CONST. ART. I, [PARA.] 10).

POINT V

THE PCR COURT'S DECISION SHOULD BE REVERSED ON THE GROUNDS OF CUMULATIVE ERROR.

Having reviewed the record considering the applicable legal standards, we are unpersuaded by defendant's arguments and affirm substantially for the reasons set forth by the PCR judge in her written decision.

I

The procedural history and trial evidence are detailed in our unpublished decision affirming defendant's conviction and sentence on direct appeal, State v. Wilson, No. A-5734-12 (App. Div. Oct. 18, 2016), certif. denied, 228 N.J.

A-0220-18T3

492 (2017), and in the PCR judge's written decision issued April 13, 2018. A brief summary of the relevant facts and proceedings will suffice here.

On April 11, 2011, N.I.'s[1] eight-year-old son informed him that a man, later identified as defendant, had directed some boys to "mess" with him at school. Upset, N.I. directed his son, daughter, and Y.G., his girlfriend and the mother of his children, to get into the family minivan. He then drove around their neighborhood to locate defendant. Approximately two blocks away from his home, N.I. saw defendant. After N.I. got out of the minivan and argued with defendant, N.I. along with Y.G. and their son, heard defendant tell a boy to go get the "strap." Knowing this meant a gun, N.I. got back into his minivan and drove the family home.

As soon as N.I. parked his minivan in front of the family's house with the driver's side next to the curb, he noticed defendant "about 15 feet, 20 feet" away approaching the passenger side of the minivan from across the street with a handgun. Before N.I. was able to drive away, defendant fired two gunshots; one hitting the outside of the minivan, and the other entering the minivan's open front passenger's side window into the dashboard, hitting the air conditioner

---

[1]  We use the victims' initials to protect their identities.

controls, and ultimately landing by N.I.'s foot. Y.G. was in the front passenger's seat with the children in the rear passenger's seat. N.I. then sped away. Unable to locate a police officer on the street, he drove to the police station to report the shooting. Fortunately, no one was shot.

The State's ballistics expert testified regarding her examination of two metal fragments recovered from the minivan. One fragment was small and could not be identified as a firearm bullet. The other fragment was a deformed portion of a discharged bullet, which she could not exclude that it was fired from a BB gun.

At the end of the State's case, defendant unsuccessfully moved for a judgment of acquittal on the four charges of second-degree aggravated assault on the basis that the State failed to prove defendant acted with purpose to cause serious bodily injury to the four victims.[2] Defendant also unsuccessfully moved for acquittal of the four fourth-degree aggravated assault-firearm pointing charges contending that the State's witnesses gave contradicting testimony concerning his pointing of the gun and that no gun was found. The court reasoned acquittal was not appropriate because "a rational trier of fact . . . can find the essential element[s] of the crime[s] beyond a reasonable doubt[.]"

_____

[2] N.I., Y.G., and their two children.

The jury found defendant guilty of two counts of second-degree aggravated assault-serious bodily injury against N.I. and Y.G., N.J.S.A. 2C:12-1(b)(1); two counts of lesser-included third-degree aggravated assault with a deadly weapon against the children, N.J.S.A. 2C:12-1(b)(2); four counts of fourth-degree aggravated assault-firearm pointing against the four victims, N.J.S.A. 2C:12-1(b)(4); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a); and second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b). As a result of consecutive sentences and mergers, defendant was sentenced to an aggregate custodial term of twenty-eight years, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

On direct appeal, we affirmed defendant's convictions except his convictions for lesser-included third-degree aggravated assault with a deadly weapon and fourth-degree aggravated assault-firearm pointing against the two children, which were dismissed. We determined there was insufficient evidence of defendant's awareness of the children's location in the rear seat of the minivan. We therefore remanded for the entry of a corrected judgment of conviction, which resulted in a reduction of defendant's aggregate sentence to twenty-two years subject to NERA.

6

Following his resentencing, defendant filed for PCR alleging his trial counsel was ineffective because he failed to consult with a ballistics expert and his appellate counsel was ineffective by failing to challenge the legality of defendant's sentence. He also sought a discovery order requiring the State to turn over the entirety of its ballistics expert's file for review by the expert he retained for the PCR proceedings. Lastly, defendant contended trial counsel's cumulative errors denied him a right to a fair trial. The PCR judge, who was also the trial judge, issued an order denying PCR without an evidentiary hearing.

II

In this appeal, defendant maintains the PCR judge erred in determining trial counsel was not deficient in failing to consult with a ballistics expert because such expertise was crucial to his defense "because the State's ballistics expert provided the only objective evidence that a shooting occurred." Defendant avers the testimony by N.I. and Y.G. that defendant fired a gun at and into the minivan was not supported by "independent witnesses or crime scene evidence" and was undermined by feuds between their families that Y.G. "tried to conceal from the police when the shooting was reported." Had an evidentiary hearing been allowed, defendant proffers his ballistics expert would have

7

pointed to uncertainty about the State's expert opinion on the bullet trajectory and the type of firearm used by the assailant.

Moreover, defendant contends the judge erred in denying his discovery request to allow his expert to review the file of the State's expert as an aid for evaluating the basis of the State's expert's opinions. Defendant also points out that the State should have turned over its expert's file before trial. R. 3:13-3(b)(1)(I). Defendant argues his expert's testimony would have undermined the credibility of N.I.'s and Y.G.'s testimony identifying defendant as the shooter and, in turn, persuaded the jury to find him not guilty. Additionally, defendant maintains his appellant counsel failed to argue that following remand, his amended sentence remained illegal because it still imposed an extended term even though the convictions related to the children were vacated.

Applying the well-recognized two-prong test to establish ineffectiveness of counsel, Strickland v. Washington, 466 U.S. 668, 687 (1984) and State v. Fritz, 105 N.J. 42, 58 (1987), the PCR judge properly found defendant failed to establish a prima facie claim that: (1) trial counsel's performance was deficient and (2) the deficient performance prejudiced the defense. Thus, he was not entitled to an evidentiary hearing. State v. Preciose, 129 N.J. 451, 462 (1992). Our reasoning is as follows.

Ballistics Expert and Discovery

While we agree with defendant that a PCR claim can be sustained where trial counsel is shown to be ineffective for not retaining an expert crucial to the defense, State v. DiFrisco, 174 N.J. 195, 224 (2002), we do not find such situation exists in this appeal. It is well-settled that a defense attorney's trial strategy is generally not second-guessed in a PCR proceeding. State v. Gary, 229 N.J. Super. 102, 116 (App. Div. 1988). To the contrary, trial counsel's informed strategic decisions demand our heightened deference, and "are virtually unchallengeable." Strickland, 466 U.S. at 690-91. "[C]omplaints 'merely of matters of trial strategy' will not serve to ground a constitutional claim of inadequacy of representation." State v. Fritz, 105 N.J. 42, 54 (1987) (quoting State v. Williams, 39 N.J. 471, 489 (1963)); see also State v. Echols, 199 N.J. 344, 358 (2009) (holding presumption that counsel provided effective reasonable legal assistance "may be rebutted if defendant demonstrates that counsel's actions did not equate to 'sound trial strategy.'").

The PCR judge properly determined trial counsel was not deficient in consulting with an expert because she chose to pursue a trial strategy that defendant was not the shooter by challenging the credibility of the State's witnesses, thereby making the need for a ballistics expert unnecessary. Counsel

argued before the jury that no weapon was found connected to the shooting or to defendant. She highlighted that no one other than N.I. and Y.G. identified defendant as the shooter and they were not credible. On cross-examination, she stressed that N.I.: had a criminal record; told police he didn't know defendant; never saw defendant before the incident; and couldn't describe defendant to the police. Further, counsel challenged the State's expert's credibility by stressing her testimony had no evidentiary value and highlighted her uncertain opinion as to whether the metal objects found in N.I.'s minivan were from a BB gun, handgun, or rifle. Based on the trial record, we are satisfied defendant has not shown counsel's trial strategy was unsound.

Considering our conclusion that trial counsel was not ineffective for not consulting a ballistics expert, we agree with the PCR judge there was no merit to defendant's argument that the State should have been ordered to allow defendant's PCR ballistics expert to view the file of its expert. Further, in relying upon State v. Herrerra, 211 N.J. Super. 308, 328 (2012) (citation omitted), the judge held defendant's expert was not entitled unfettered discovery access to the State's files via a PCR petition without specifically stating what he was looking for and how it might support his petition.

Excessive Sentence

The PCR judge properly ruled there was no merit to defendant's contention that following remand appellate counsel failed to argue his sentence was illegal because it continued to impose an extended term after the convictions related to the children were reversed. As the judge pointed out, after holding there was no basis to convict defendant on the charges pertaining to the children, we addressed defendant's extended term sentences by ruling:

> . . . we are not persuaded that the judge abused her discretion in imposing a twelve-year extended term NERA sentence. She reviewed defendant's criminal history and present offenses before concluding that aggravating factors three, six, and nine applied. N.J.S.A. 2C:44-1(a)(3) (the risk of re-offense); -1(a)(6) (the extent of prior criminal record and the seriousness of the offense for which defendant was convicted); and -1(a)(9) (the need to deter defendant and others). She reviewed all mitigating factors and explained that none applied. See N.J.S.A. 2C:44-1(b)(1)-(11).
>
> Our conclusion that the convictions regarding the children must be dismissed does not alter our evaluation of the twelve-year extended term NERA sentence. This sentence pertains to the aggravated assault against N.I., in which there is support in the record for the judge's weighing of aggravating and mitigating factors. The sentence does not shock the conscience. Therefore, we shall not second-guess and disturb the trial court's findings. See State v. Bieniek, 200 N.J. 601, 608-09 (2010); see also State v. O'Donnell, 117 N.J. 210, 215-16 (1989).

11

[Wilson, slip op. at 18-19.]

Consequently, this argument is procedurally barred because it was rejected on direct appeal. R. 3:22-5 ("[a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this rule . . . , or any appeal taken from such proceedings.").

To the extent we have not discussed them expressly, all other arguments raised by defendants lack sufficient merit to warrant discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0220-18T3