**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3207-19

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

TARIQ K. AYRES,
a/k/a TARIQ K. AYERS,

      Defendant-Appellant.

_____

Submitted February 7, 2022 – Decided February 23, 2022

Before Judges Sabatino and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Criminal Part, Mercer County, Indictment Nos. 16-11-0856 and 19-03-0131.

Joseph E. Krakora, Public Defender, attorney for appellant (Melanie K. Dellplain, Assistant Deputy Public Defender, of counsel and on the brief).

Angelo J. Onofri, Mercer County Prosecutor, attorney for respondent (Kaelyn Barbour, Assistant Prosecutor, on the brief).

PER CURIAM

This appeal concerns the police's forced entry of a motel room when executing two outstanding warrants for defendant Tariq K. Ayres' arrest. After knocking and announcing they were there to arrest him, the officers heard defendant try to barricade the door. They forced their way inside and found defendant in the bathroom, where they arrested him after a struggle. The officers seized fourteen bricks of heroin, cocaine, drug paraphernalia, and other contraband they saw in plain view within the room.

Defendant was thereafter charged with multiple counts of drug offenses, the most severe of which was first-degree maintenance of a drug production facility, N.J.S.A. 2C:35-4. He moved to suppress the incriminating evidence police had seized from the motel room, which had been rented in the name of a third party. After argument and testimony, the trial court denied the suppression motion.

Defendant then entered into a plea agreement with the State admitting his guilt of two counts of second-degree possession of controlled dangerous substances ("CDS") with the intent to distribute them, N.J.S.A. 2C:35-5(a)(1). Other counts, including the first-degree drug production facility charge, were dismissed. Pursuant to Rule 3:5-7(d), defendant preserved his right to appeal the suppression ruling. He was sentenced in accordance with the plea agreement

2

to an eight-year custodial term with a four-year parole disqualifier. This appeal

ensued.

In his brief on appeal, defendant raises the following points:

POINT I

BECAUSE THE POLICE UNLAWFULLY ENTERED THE HOTEL ROOM WHERE DEFENDANT WAS ARRESTED WITHOUT A SEARCH WARRANT AND DID NOT MEET THE EXIGENCY, PLAIN-VIEW, OR SEARCH-INCIDENT-TO-ARREST EXCEPTIONS TO THE WARRANT REQUIREMENT, THE EVIDENCE MUST BE SUPPRESSED.

A. The denial of defendant's suppression motion should be reversed because the police conducted an illegal search when they entered the hotel room without a search warrant.

B. The denial of defendant's suppression motion should be reversed because the plain-view exception did not justify the seizure of the evidence from the hotel room.

C. The denial of defendant's suppression motion should be reversed because the police exceeded the scope of a permissible search incident to arrest.

POINT II

DEFENDANT'S SENTENCE IS EXCESSIVE BECAUSE THE SENTENCING COURT ERRED

3

WHEN IT CONSIDERED DEFENDANT'S SUBSTANCE ABUSE HISTORY AS A BASIS FOR FINDING AGGRAVATING FACTOR THREE AND WHEN IT FAILED TO CONSIDER MITIGATING FACTOR NINE.

Having considered these arguments, we affirm defendant's conviction and sentence. We discuss, in turn, his two main points concerning the suppression issues and the sentencing.

I.

To resolve the suppression motion, the trial court conducted a two-day evidentiary hearing at which Detective James Udijohn of the Mercer County Sheriff's Office solely testified for the State and defendant solely testified in his own behalf. Their testimony substantially diverged.

Detective Udijohn recounted that, on the evening of May 24, 2018, law enforcement officials came to the motel to apprehend defendant pursuant to two outstanding arrest warrants. One warrant was based on a recent motor vehicle stop of defendant that involved CDS and the other was based on his failure to pay child support. According to the detective, a confidential informant advised that defendant, who had been intermittently staying at various motels in the Route 1 corridor in Mercer County, was staying at a certain motel in West Windsor.

4

The police went to that motel and the desk clerk told them defendant was staying in Room 132. The desk clerk showed the police an identification card with defendant's name and signature, which he had left with the front desk. Officers then conducted surveillance of Room 132 and saw defendant enter it with a key card.

According to the detective, the officers knocked on the door of the room, announced they had come to arrest defendant, and instructed him to come out. Defendant did not emerge. The officers saw the curtains of the room's sole window move. Within seconds, they heard furniture being pushed against the door of the room, apparently as a barricade.

Concerned that defendant would try to escape and that he also might destroy evidence of criminal activity, the police forced their way into the motel room, breaking a window in the process. Detective Udijohn saw defendant running to the bathroom, then heard a toilet flush, ceiling tiles fall, and the bathroom door lock from the inside. They pushed into the bathroom, told defendant he was under arrest and, after a struggle, handcuffed him. Once defendant was removed from the bathroom, the officers saw a plastic container with its lid open next to the toilet. The container visibly held a large clear Ziploc bag, full of multiple bricks of heroin.

A-3207-19

Apart from these drugs found in the bathroom, the officers also noticed that two coffee tables had been pushed against the door of the room to act as a barricade. They discovered in plain view at the foot of the bed and on top of the mattress a black plastic bag, from which a clear plastic bag with marijuana protruded. A closer inspection of that bag revealed cocaine. Meanwhile, Detective Udijohn spotted an assortment of drug paraphernalia and small clear plastic bags filled with suspected Suboxone on the nightstand. The officers also seized a pocketknife from defendant's waistband and $825 from the inside the toilet tank.

In his own testimony, defendant contended he had not been residing in the motel room. He claimed the police did not knock or announce themselves but simply used a ram to barge into the room. He said the police tackled him and struck him. He denied being aware of any drugs or other contraband in the room.

After considering the testimony, Judge Robert W. Bingham, II issued an oral opinion on February 22, 2019 denying the suppression motion. Notably, the judge found the detective's testimony more credible than that of defendant. The judge observed in this regard that defendant's narrative had been inconsistent and that he had been evasive on cross examination.

6

Turning to his legal analysis, the judge found several exceptions to the constitutional warrant requirement justified the officers' actions. The judge began by noting it was undisputed the police had two valid warrants for defendant's arrest. In addition, the judge found the police had reasonable grounds to believe defendant had been residing in Room 132, even though the room was not rented in his name.

The judge reasoned the police had exigent circumstances to permit their forcible entry into the room after defendant seemingly attempted to barricade it. Once inside the room, the police were authorized to conduct a search incident to defendant's arrest. In addition, the police were allowed to confiscate various drugs and drug-related items in plain view, and to open bags and containers that visibly contained contraband.

Defendant moved for reconsideration of the suppression ruling, which Judge Bingham denied in another oral decision on September 20, 2019.

On appeal, defendant argues the trial court erred in denying suppression. He argues the court incorrectly found the police had sufficient grounds to forcibly enter the hotel room, in which he had a protected privacy interest. He contends no exigent circumstances were present, the search of the room went

7

beyond the permissible scope of a search incident to arrest, and that many of the seized items were not in plain view.

In considering these arguments, we are guided by several well settled principles. When reviewing a suppression ruling on appeal, we give deference to the motion judge's factual and credibility findings, so long as they have substantial evidence in the record to support them. State v. Robinson, 228 N.J. 529, 543 (2017). However, we review the trial court's legal conclusions de novo. State v. J.D., 211 N.J. 344, 354 (2012).

Under the Fourth Amendment of the United States Constitution and under Article 1, paragraph 7 of the New Jersey Constitution, a person has a right to be free from indiscriminate searches and seizures by police without a warrant, unless one or more of the recognized exceptions to the search warrant requirement apply. State v. Witt, 223 N.J. 409, 421-22 (2015). In that regard, an arrest warrant does not furnish the police with the right to enter a dwelling to arrest a person inside, unless they have valid consent to do so or exigent circumstances are present. State v. Miller, 342 N.J. Super. 474, 479 (App. Div. 2001). As part of the analysis, the police must have "objectively reasonable bases for believing that that the person named in the [arrest] warrant both resides in the dwelling and is within the dwelling at the time." Ibid.

Our courts have also observed that a guest in a hotel or motel room has a diminished expectation of privacy as compared with a person in a private residence. State v. Alvarez, 238 N.J. Super. 560, 570-71 (App. Div. 1990). In contrast to a private home, "the ability of police officers to secure or continue a surveillance of a hotel room poses peculiar risks[.]" Id. at 571. For instance, if officers remain in the hallway while awaiting the issuance of a search warrant, it is likely their presence will be noticed. Ibid.

Here, as the motion judge correctly recognized, the police had ample grounds to believe that defendant resided in the motel room and was present there, based on both the information supplied by the desk clerk and the officers' observation of defendant entering the room. Since this is not an instance of consent to enter, the analysis then turns on whether exigent circumstances were present. We agree with Judge Bingham they were.

In State v. Hutchins, 116 N.J. 457, 464-73 (1989), our Supreme Court identified several factors for determining whether police have sufficient exigency to enter a suspect's hotel room without a search warrant. As we summarized in Alvarez, those exigency factors are: (1) the degree of urgency involved and the amount of time necessary to obtain a warrant; (2) reasonable belief that the contraband is about to be removed; (3) the possibility of danger

to police officers guarding the site of contraband while a search warrant is sought; (4) information indicating the possessors of the contraband are aware that the police are on their trail; (5) the ready destructibility of the contraband and the knowledge that efforts to dispose of narcotics and to escape are characteristic behavior of persons engaged in narcotics traffic; (6) the gravity of the offense involved; (7) the possibility that the suspect is armed; (8) the strength or weakness of the facts establishing probable cause; and (9) the time of the entry. Alvarez, 238 N.J. Super. at 568 (internal citations omitted). In addition, it is relevant whether the exigency was "police-created." Ibid.

Given the circumstances described in Detective Udijohn's credible testimony, the exigency factors weigh decidedly in the State's favor. The situation was urgent and time-sensitive, as confirmed by defendant's immediate effort to barricade the door moments after the officers announced themselves. The information about defendant's drug dealing activity gave rise to a reasonable concern he might try to destroy such drug contraband before the police entered. The police could have been in danger while waiting outside, not knowing what defendant would do in the meantime. There was at least a possibility he could have been armed to protect himself and the drugs in his possession.

A-3207-19

Defendant was clearly made aware the police were seeking to arrest him on warrants. He might have tried to escape and, in fact, did try to flush evidence down the toilet. The gravity of the offense precipitated a multi-count indictment that included a first-degree charge. The grounds for arresting him were based on two valid warrants.[1] The time of entry was in the evening rather than daytime. Lastly, the exigency was not police-created, as the detective testified the police knocked on the door and announced themselves. It was not until they heard defendant attempt to barricade the door that they pushed inside.

On the whole, the trial court reasonably concluded that exigent circumstances justified the police forcing their way into the motel room. Once inside, the police saw numerous items of contraband in plain view. We defer to the trial court's factual finding that the seized items were all visible to the officers. Since the officers had the right to be present where they made their observations, the plain view exception applies. The evidence of criminal drug dealing was "immediately apparent." State v. Gonzales, 227 N.J. 77, 81 (2016).

---

[1] We need not concern ourselves in this case whether the same outcome would result if there had only been the arrest warrant for non-payment of child support without the additional warrant involving the motor vehicle stop with CDS and the informant's tip regarding defendant's drug dealing.

Having concluded the exceptions for exigency and plain view suffice here to uphold the officers' entry into the motel room and their ensuing seizure of the contraband visible inside, we need not rely on the search-incident-to-arrest exception as an alternative basis for confiscating the drugs and drug paraphernalia. The pocketknife removed from his waistband, insofar as it could have been part of the State's evidence if the case had been tried, was clearly taken incident to a lawful arrest. State v. Minitee, 210 N.J. 307, 318 (2012).

## II.

We reject defendant's argument that his concurrent eight-year sentences with a four-year parole disqualifier were excessive. The sentence was consistent with the State's recommendation under the negotiated plea agreement. Although defendant's counsel advocated the court to impose a shorter sentence of seven years, the court did not abuse its discretion in imposing an eight-year term instead.

The sentencing judge reasonably found that aggravating factors three, six and nine under N.J.S.A. 2C:44-1(a) applied here, and no mitigating factors under N.J.S.A. 2C:44-1(b). We reject defendant's argument that aggravating factor three, the risk of reoffense, did not apply because the court noted his history of substance abuse. Even if, for the sake of discussion, that history of drug use

does not support aggravating factor three, there was other abundant indicia of the likelihood that defendant would commit more offenses in the future. In particular, defendant has a dismal record of previous offenses, including four Superior Court convictions, seven Municipal Court convictions, six juvenile adjudications, and a federal conviction.

We also reject defendant's claim the sentencing judge erred in not finding mitigating factor nine, the character and attitude of a defendant indicative he is unlikely to reoffend, N.J.S.A. 2C:44-1(b)(9). Although defendant expressed remorse about his past behavior and he has made strides by obtaining a GED and working in various jobs, the court nonetheless had sufficient grounds to conclude he was likely to reoffend in spite of those commendable points.

We decline to second-guess the trial court's reasonable assessment of the sentencing factors here and its adoption of a sentence consistent with the plea agreement. State v. Case, 220 N.J. 49, 64 (2014); State v. Bieniek, 200 N.J. 601, 612 (2010).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

13